LUTHER R. WELD *vs.* MINNIE B. WELD.

November 16, 1880.

**Desertion by Wife—Separation under Authority of Court.**—A district court judgment, in an action between a wife and her husband, adjudging that the latter shall pay monthly to the former the sum of $30, for her separate support and maintenance, until the further order of the court, is an implied authority for the wife to live separately and apart from her husband; and such living on her part, while the judgment remains in force, is not, though accompanied with a refusal to live and cohabit with her husband, an act of desertion within the meaning of Gen. St. 1878, c. 69, § 5.

Appeal by plaintiff from a judgment of the district court for Rice county, *Buckham*, J., presiding. The action was brought under Gen. St. 1878, c. 69, § 5, to debar defendant from any right of dower in the lands of plaintiff, (her husband,) and to obtain for plaintiff full control over such lands, and power to convey the same without the signature of defendant, etc.

*J. H. Case*, for appellant.

*A. D. Keyes*, for respondent.

CORNELL, J. In Gen. St. 1878, c. 69, § 5, the term "desertion" is used in the same sense in which it is used in the fifth subdivision of section 6 of the statute relating to the subject of divorce. Gen. St. 1878, c. 62, § 6, subd. 5. It imports such a wilful abandonment by one party of the other, without any sufficient cause or excuse, as constitutes, when continued for three years, good ground for an absolute divorce

in favor of the deserted party. It involves a violation of marital duty and obligation on the part of the one guilty of the act of desertion, and is, therefore, wrongful and unlawful. A separation which is sanctioned and authorized by the decree or judgment of a court of competent jurisdiction is neither wrongful nor unlawful, and cannot be made a ground for divorce as against the party rightfully acting under it.

Upon the allegations of the pleadings herein it stands admitted "that in and by a certain judgment, rendered by the district court of the county of Rice, in this state, on the first day of February, 1878, in a certain action then pending in said court between the above-named parties, it was, among other things, ordered and adjudged that the above-named plaintiff (the defendant in said action) pay to the above defendant, (the plaintiff therein,) or her order, until the further order of said court to the contrary, the sum of $30 per month for her separate support and maintenance, payable on the first day of each and every month, commencing on the first day of March, 1878," and that said judgment has ever since remained in full force and effect. The validity of this judgment is not open to question in this action, for the subject was one within the jurisdiction of the court in which it was rendered, and want of jurisdiction over the parties is not shown of record. It is evident, therefore, that the desertion by defendant, which is alleged in the complaint to have commenced on the 15th day of August, 1877, ceased to be such on the first day of February, 1878; for the judgment then rendered for her separate support and maintenance authorized her to live separate and apart from her husband so long as it remained in force. It follows that the present action cannot be maintained, for there has not been a continued desertion, within the meaning of the statute, for the space of one year.

Judgment affirmed.