Hillsborough, }
March 12, 1904. }

## TAYLOR *v.* TAYLOR.

LIBEL FOR DIVORCE, for desertion. Trial before *Young,* J., at the September term, 1903, of the superior court.

On April 8, 1889, the probate court of Suffolk county, Massachusetts, a court of record, in the exercise of jurisdiction conferred by the statutes of that state, made a decree adjudging that the present defendant was for justifiable cause living apart from her husband (the present plaintiff), prohibiting him from imposing any restraint upon her personal liberty, and requiring him to pay a certain sum monthly for her support until further order of the court. March 14, 1901, the same court, after a hearing, denied the plaintiff's petition for the revocation of such decree. Both parties were residents of Massachusetts up to January 1, 1900.

The parties having agreed to the foregoing facts, the plaintiff proposed to show that on January 1, 1900, he offered to furnish the defendant his home in Brookline in this state and to support her if she would come there, that he has always been willing to furnish such home and support since that date, and that the defendant has refused to accept the same. The evidence was excluded and the libel dismissed, subject to the plaintiff's exception.

*Doyle & Lucier,* for the plaintiff.

*Arthur D. Hill* (of Massachusetts) and *Louis E. Wyman,* for the defendant.

*Per Curiam.* The decree of the probate court of Massachusetts established that the defendant was living apart from her husband for justifiable cause. Her absence so continued could not constitute desertion. *Miller* v. *Miller*, 150 Mass. 111. The dismissal by the same court of the plaintiff's petition for the revocation of such decree, March 14, 1901, established that the justifiable cause for such living apart then existed. Consequently, upon any view as to the prospective effect of the Massachusetts decree, the defendant cannot now be found guilty, either of willing absence from her husband without his consent, or an abandonment and refusal to cohabit "for three years together." P. S., *c.* 175, *s.* 5, *cl.* X, XII. Whether her living apart from her husband while the decree of the Massachusetts court stood unchanged could under any circumstances constitute cause for divorce, is not considered.

*Exception overruled.*

YOUNG, J., did not sit.