# CASES

## ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MINNESOTA

## LULU H. JUDKINS v. F. W. SPRAGUE.[1]

### April 13, 1922.

### No. 22,585.

**No reversible error in submitting contributory negligence to jury.**
1. The court did not err to the prejudice of defendant in submitting the question of plaintiff's contributory negligence to the jury.

**Reduced verdict not excessive.**
2. The verdict was not so large that it justifies this court, upon the record herein, to hold that it appears to have been given under the influence of passion or prejudice, and as reduced by the trial court it cannot be held excessive.

Action in the district court for Stearns county to recover $15,825 for personal injuries received in an automobile collision. The case was tried before Roeser, J., and a jury which returned a verdict for $10,825. From an order denying his motion for a new trial if plaintiff consented to a reduction of the verdict to $9,600, defendant appealed. Affirmed.

*J. D. Sullivan*, for appellant.
*R. B. Brower*, for respondent.

[1]Reported in 187 N. W. 705.

HOLT, J.

Plaintiff recovered a verdict for injuries received in an automobile collision, and defendant appeals from the order denying a new trial.

Plaintiff and her sister, on a Sunday evening in August, 1920, were riding in a Maxwell touring car as the guests of two young men, brothers by the name of Frederick, who resided in their vicinity. Plaintiff was seated to the right of the driver. They were traveling westerly on a state highway toward the village of Villard, and, when about $2\frac{1}{2}$ miles east of said place, defendant, in a super-six Hudson seven-passenger car coming easterly, drove head on into the Maxwell car. When struck the latter vehicle was on the northerly edge of the roadway so that there was ample room for two automobiles to pass abreast between it and the south limits of the traveled path. Defendant claimed that he was misled by the fact that the left front lamp of the Maxwell car was not lit, and that the glare of the other lamp, as the car was slightly swung to the south, dazzled him. No question is made of defendant's negligence. The evidence warranted a finding that he was driving at an excessive speed and recklessly upon the wrong side of the highway.

The chief contention on this appeal is that defendant was entitled to an instruction that plaintiff was guilty of contributory negligence, and that the instructions given on that proposition were erroneous. The argument is: The left front lamp of the Maxwell car was unlit, the collision occurred a little after 9 o'clock in the evening and more than one hour after sunset, hence the car was illegally upon the highway, and since plaintiff, on cross-examination, admitted that if her attention had been drawn to the lighting of the car she could have discovered that but one lamp was burning, therefore she was violating the law in riding upon a car so operated and guilty of negligence as a matter of law.

The statute (section 2632, G. S. 1913), requires every motor vehicle operated upon a public highway during the period from one hour after sunset to one hour before sunrise to display at least two lighted lamps visible from the front for a certain distance. Another section (section 2645) provides that any person violating any of the provisions of the act pertaining to auto vehicles shall be guilty of a

misdemeanor. It seems reasonably clear that the one who operated an auto vehicle one hour after sundown with only one lamp lit would be the one who could be convicted of violating the law and not some one who was merely riding in the same and had no control over the driver or the car. But, be that as it may, we think defendant has no just cause to complain of the submission or manner of submission of plaintiff's contributory negligence. This instruction requested by defendant was given:

"If the jury should find from the evidence that plaintiff was in a position to see the way in which the Frederick car was lighted as to front lamps, and if the jury from all the circumstances believe that she did know that said automobile was being operated with only one of the front lamps thereon lighted, then the jury should find as a matter of law, under all the circumstances that plaintiff knew that the law was being violated, and if she voluntarily continued as a passenger therein, then she would be guilty of negligence."

The court earlier in the charge had substantially instructed to the same effect, with this qualification:

"If she appreciated or should have appreciated the dangers and risks of riding in such a conveyance on this road, on this Sunday evening, and voluntarily continued to remain in such car without protest and without doing anything to caution or warn the driver, then she was negligent as a passenger, and if her negligence helped to bring about this accident, then she cannot recover even though Sprague was also negligent."

We think the qualification not improper, and, even were it so, defendant did not call the court's attention to any defect in the language used as was done in respect to other matters in which defendant desired additions to or modification of the charge and which were promptly rectified by the court.

The evidence tended to show that the shock, which rendered plaintiff unconscious from the time of the accident until the following Thursday, obliterated all recollection of what transpired from the time she stepped into the automobile Sunday night until she recovered her senses, a resultant condition from severe brain shock not unknown to medical science. Defendant now ingeniously argues

that since plaintiff, because of this condition, cannot testify that she did not notice that the one lamp was unlit, and since she admits that if she had directed her attention to the matter she could have discovered that it was unlit she must have seen and known that the automobile was operated in violation of law. The court and jury had a right to consider plaintiff's admission in the nature of mere opinion given without adequate knowledge of the subject. Not only was there testimony pro and con as to whether or not a person riding in an automobile can readily discover the failure of one of the front lamps to function when the light switch is turned on, but jurors, as well as judges, have now had sufficient experience with automobile lights to know that during moonlight, or before full darkness sets in, it is extremely difficult for the occupants of the car to determine whether both front lamps are functioning if one of them shines. At such times if one operates properly it gives the impression that both are lit to those in the car.

Two requested instructions were refused. The record shows no exception taken at the trial, and the refusal was not assigned as error in the motion for a new trial. The errors now assigned upon the action of the court in refusing to give the requested instructions cannot be considered, but, even if they could, we see nothing in them not covered by the court. The second request, which was refused, made essentially the same qualification as did that part of the charge which defendant now challenges because it permitted the jury to find whether or not plaintiff "appreciated or should have appreciated" the danger of riding in a car with but one front lamp lit, for in the refused instruction was the expression: If the danger in so riding was "known" to her. The other request refused was in substance the same as the one given and above set out.

The only other error assigned is that the size of the verdict indicates that the jury were influenced by passion or prejudice. The verdict was for $10,825. The trial court reduced the amount to $9,600. The sum is still large. Plaintiff is a young woman 19 years old. She sustained a severe injury, being rendered unconscious for several days, as above stated. She lost three front teeth, together with part of the attached jaw bone, leaving the mouth in such con-

dition that a plate is left without support in case the teeth to which the artificial teeth are now anchored should give way. Her nose was broken, and is not in its former shape. There are scars on her lip and over one eye. To what extent that disfigures her we cannot tell. The main injury was to her left leg, which was broken three inches above the knee. There was a complete fracture of the femur so that the ends of the fracture slipped past one another. The fracture could not be reduced so as to bring the fractured ends in juxtaposition. The consequence is that the one end slipped past the other end to the extent that the leg is now 1½ inches shorter than formerly and that it bows out from the ankle up, so that slightly below the knee it extends out over 4 inches from a straight line. The doctor's, dentist's and nurse's bill exceeded $800. Besides the suffering which such injuries entailed, plaintiff is permanently crippled and disfigured in respect to her leg, and somewhat as to her face. We can see nothing in the record that might incite to prejudice or passion. In respect to her sufferings, injuries and recovery, plaintiff and her attending physician are refreshingly candid and notably fair to the defendant. There seems to be a painstaking effort not to exaggerate the injuries and pain or to minimize the recovery. We can see no ground for the claim that there is anything in either the verdict or the record from which it might be concluded that the jurors were influenced by passion or prejudice.

But it is said that even so, the court, realizing that the verdict was excessive, should have reduced it more than was done. Cases are cited by both parties compared with which the one contends the amount awarded is still too high and the other that it is not. No useful purpose will be served by referring to verdicts in other cases. It is to be remembered that it is more serious for a young person to go through life deformed than for elderly persons, and means more to a young maid than to a young man. Also, the jury and trial court saw the deformity and disfigurement and were in better position to estimate the proper compensation than the members of this court. We cannot say upon this record that the amount as now left is excessive.

Order affirmed.