COSMOPOLITAN STATE BANK v. ALFRED SOMMERVOLD AND
ANOTHER, ETC.[1]

February 16, 1923.

No. 23,272.

**New trial because error to direct verdict.**

New trial granted because conflicting evidence as to whether plaintiff
was an innocent holder of the note in suit, for value, in due course and
without notice, made it improper to direct a verdict for defendant. [Re-
porter.]

Action transferred to the district court for Dakota county to recover
$752.29 upon a promissory note. The case was tried before Johnson, J.,
who at the close of the testimony denied plaintiff's motion for a directed
verdict and directed a verdict in favor of defendant. From an order deny-
ing its motion for judgment notwithstanding the verdict or for a new trial,
plaintiff appealed. Reversed and new trial granted.

*Jesse B. Calmenson,* for appellant.
*Jesse Van Valkenburg,* for respondent.

PER CURIAM.

Without consideration, and, perhaps, through fraudulent practices, de-
fendant, an alleged incompetent, signed blank promissory notes at the re-
quest of one Louis Wurzinger, who filled in the amounts and his name as
payee. The day the notes were so signed, or the day thereafter, Wurzinger
disposed of one of them to plaintiff, indorsing the same without recourse.
The note was for $750, due in 4 months, and drawing interest at 10 per
cent. The action is on this note, and the defense was that the note had
been obtained by fraud, without consideration, and that plaintiff had full
knowledge thereof when it became the holder. The court directed a ver-
dict for defendant, and denied plaintiff's motion in the alternative for judg-
ment or a new trial. Plaintiff appeals.

Since the majority of the court deem a new trial unavoidable, we refrain
from discussing the evidence. It is enough to .say that, as the case stood
when the testimony was closed, the only question of fact for the jury was
whether plaintiff had established that it was an innocent holder of the note,
for value, in due course, and without notice. Plaintiff was not entitled to
a directed verdict, for there was abundant room for a finding that it was

[1]Reported in 191 N. W. 1000.

not. At the same time, there was evidence that plaintiff bought the note before it was due, and gave $500 in cash, and Wurzinger's past due note of $200 therefor, and, before so doing, inquired of a banker with whom defendant did business as to his responsibility. This and other testimony made plaintiff's claim of being innocent purchaser for value in due course a question for the jury.

Reversed and a new trial granted.