COSMOPOLITAN STATE BANK v. ALFRED SOMMERVOLD
AND ANOTHER.[1]

March 7, 1924.

No. 23,871.

**Objection ignored, unless exception is taken to ruling.**
1. An objection will not be considered, unless it specifies the ground therefor and is preserved by an exception to the ruling.

**Allowance of amendment correct.**
2. Allowing the amendment to the answer was within the discretion of the trial court.

**When errors in the charge cannot be reviewed on appeal.**
3. Alleged errors in the charge cannot be reviewed on appeal, unless excepted to at the trial, or specified as error in a motion for a new trial.

**Error as to usury cured by next sentence.**
4. The error in one sentence of the charge relating to usury was sufficiently cured by the following sentence.

**Former decision law of the case.**
5. A question decided on a former appeal on the same facts will not be reconsidered.

After the former appeal reported in 156 Minn. 492, 191 N. W. 1000, the case was tried before Converse, J., and the proceedings are noted in the second paragraph of the opinion. From the judgment entered on the verdict in favor of defendant, plaintiff appealed. Affirmed.

*Jesse B. Calmenson,* for appellant.
*Jesse Van Valkenburg,* for respondent.

TAYLOR, C.
Action on a promissory note executed by defendant to Louis Wurzinger and transferred by Wurzinger to plaintiff. Defense that

[1]Reported in 197 N. W. 743.

defendant was mentally incompetent to transact business when he signed the note; that he was induced to sign it by false and fraudulent representations made by Wurzinger; that he received no consideration for it, and that plaintiff took it with knowledge of the fraud practiced by Wurzinger. This is the second trial of the case. On the first trial the court directed a verdict for defendant. On appeal this court said [155 Minn. 492] that "the only question of fact for the jury was whether plaintiff had established that it was an innocent holder of the note, for value, in due course, and without notice," but granted a new trial for error in taking that question from the jury.

At the second trial, the parties stipulated to submit the case on the testimony taken at the first trial, and read it to the jury from the record. At the close of the testimony, defendant was permitted to amend his answer by alleging in substance that plaintiff purchased the note knowing it was given without consideration for the accommodation of Wurzinger, that the transfer to plaintiff was the first negotiation of the note, and that plaintiff exacted an illegal and usurious rate of interest on it. The jury returned a verdict for defendant. Plaintiff gave notice of a motion for judgment or a new trial which was returned by defendant's counsel because the time limited therefor had expired. The court denied plaintiff's application to be relieved from the default and also denied the motion. Judgment was entered on the verdict and plaintiff appealed therefrom.

Plaintiff's main contention on this appeal is that the court erred in permitting defendant to allege usury by an amendment to the answer after the evidence had been submitted. There was testimony, mainly from plaintiff's own witnesses, which would justify submitting the claim of usury to the jury. Permitting amendments at the trial is ordinarily within the discretion of the trial court and its action will be reversed only for a clear abuse of discretion. 2 Dunnell, Minn. Dig. § 7696, et seq. The only objection to the amendment shown by the record is in these words: "Amendment objected to". No ground for the objection was stated and no exception was taken to the ruling allowing the amendment. An objection must

specify the ground of the objection and if not preserved by an exception to the ruling must have been assigned as error on a motion for a new trial in order to be considered on appeal. 3 Dunnell, Minn. Dig. § 9723. But, this aside, the record fails to show any abuse of discretion. There was no suggestion that plaintiff had been taken by surprise or desired to offer any further evidence on that question.

No exceptions were taken to the charge at the trial, but plaintiff assigns two statements therein as error. An error in the charge cannot be urged as a ground for reversal, unless it was called to the attention of the lower court by excepting to it at the trial or by specifying it as error in a motion for a new trial. Cincinnati Time Recorder Co. v. Loe, 152 Minn. 374, 188 N. W. 1011; Judkins v. Sprague, 152 Minn. 1, 187 N. W. 705; State Bank v. Ronan, 144 Minn. 236, 174 N. W. 892; 3 Dunnell, Minn. Dig. §§ 9792, 9725.

As the motion for a new trial was not entertained because made too late, the errors there specified are not reviewable, unless preserved by an exception at the trial. But, if we were to consider the proposed motion for a new trial, an examination shows that it contains no reference to the first statement now assigned as error. It does, however, contain a reference to the charge relating to usury. The note was for the sum of $750 and bore interest at the rate of ten per centum per annum. Plaintiff took it from Wurzinger the day after it was executed and exacted a discount of $50. Defendant received no consideration for the note, but merely signed it at Wurzinger's instance for Wurzinger's benefit. The statement in the charge urged as error reads:

"If you find and believe from the evidence that this note was an accommodation note and there was no consideration passing from Wurzinger to Sommervold, but that the full consideration was from the bank to Wurzinger of $700; and that the note was for $750, then that constitutes usury as between the bank and Wurzinger."

Plaintiff's claim that this gave the jury an erroneous rule would be true, if it stood alone. But the next sentence is:

"In other words, if it is an accommodation note and the bank knew it or had reason to believe that it was at the time they accepted the note, and they gave less than $750, then the note is tainted with usury."

We think the jury could not have been misled, but must have understood that in order to charge the plaintiff with usury they must find that plaintiff took the note knowing or having reason to know that defendant executed it for the accommodation of Wurzinger. If plaintiff deemed this portion of the charge not sufficiently clear or explicit, attention should have been called to it in time to permit a correction.

The claim that the verdict is not justified by the evidence is no longer open, for it was held on the former appeal that the evidence made a question for the jury, and the evidence remains unchanged. 1 Dunnell, Minn. Dig. § 398.

Judgment affirmed.