## CONRAD LaJAMBE v. CHICAGO BOX & CRATING COMPANY AND OTHERS.[1]

November 6, 1925.

No. 24,780.

**Charge and rulings on evidence.**
    1. There is no reversible error in the charge, when read as a whole, nor do we discover any error in the rulings upon the admissibility of evidence.

**Verdict sustained.**
    2. The verdict was amply warranted by the evidence.

    1. See Appeal and Error, 3 C. J. p. 843, § 751.
    2. See Trespass, 38 Cyc. p. 1122.

Action in the district court for Beltrami county to recover treble damages for trespass. The case was tried before Stanton, J., and a jury which returned a verdict in favor of plaintiff. Defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Hallan Huffman* and *Clarence R. Smith,* for appellants.
*F. J. McPartlin,* for respondent.

QUINN, J.

This action was brought to recover treble damages for malicious trespass upon lot 3, section 19, township 148 north, range 32 west,

[1]Reported in 205 N. W. 701.

Beltrami county, this state. There was a trial in the district court and a verdict in favor of plaintiff for $300 as treble damages. Defendants moved for judgment or for a new trial and appealed from an order denying their motion.

Plaintiff is the owner of lot 3, which contains about 13 acres of timbered land. It is bounded on the north and west by Three Island lake, on the east by government lot 2, and on the south by government lot 4. The defendant Box & Crating Company owns lots 2 and 4 with other lands in section 19, which it purchased from plaintiff in 1919. In June, 1923, that company entered into a contract with the defendants Peterson and Gilbertson, whereby they were to cut, haul and deliver to the box company all of the timber, suitable for logs and box bolts, then upon lots 2 and 4 and adjoining lands in section 19 owned by it. In August, 1923, Peterson and Gilbertson commenced cutting. Thereafter, while at work upon lot 4, a dispute arose between them and the plaintiff as to the south line of lot 3, plaintiff contending that it was about 200 or 250 feet south of where the defendants claimed it to be.

Plaintiff bases his cause of action upon the theory that the trees, cut by Peterson and Gilbertson, constituted a grove of ornamental and shade trees, that other trees were injured and other damage done to the realty, in the sum of $500. The defendants Peterson and Gilbertson admit a trespass, but insist that it occurred inadvertently and with the honest belief, on their part, that the trees so cut were upon lot 4 owned by the box company, and that the damage done did not exceed $8. The other defendants deny any trespass on their part. The first four assignments of error have to do with the court's charge, and fifth has reference to the ruling on the admission of testimony.

We discover no trouble, either with the charge when considered in its entirety, or with the rulings upon the admissibility of evidence. If there was any error in the charge or portions thereof which appellant was not satisfied with, it should have been pointed out to the court at the time it was given so that the same might be corrected. C. S. Bank v. Sommervold, 158 Minn. 356, 197 N. W. 743.

The defendant Carter for two years had been superintendent of logging for the defendant box company. His duties consisted in buying timber, letting contracts and seeing that his employer got raw material to manufacture in its business. He had complete charge of its business in this respect. For upwards of 20 years Carter had been in the employ of the J. Neils Lumber Company in the same capacity. While serving that company, it was his custom to establish lines as a guide for the cutting of timber. Though he had done none of such work while in the employ of the box company, he ran out and established the south line of lot 3 in question, in accordance with which the trees were cut. The line so established was not the true line, but the evidence was such as to make a question for the jury as to whether the trespass and the cutting of the trees were wilful on the part of the defendant and as to the damages of the realty by reason thereof. We find no reason for disturbing the verdict of the jury.

Affirmed.