[Civil No. 2631. Filed March 12, 1928.]

[265 Pac. 87.]

# JOHN H. WILLIAMS, Appellant, v. MATTIE L. WILLIAMS, Appellee.

Mr. Earl Anderson, for Appellant.

Mr. Edw. J. Flanigan, for Appellee.

ROSS, C. J.—On April 21st, 1926, John H. Williams brought this action to obtain an absolute divorce from Mattie L. Williams, his wife, alleging that the latter had wilfully deserted him on or about April 10th, 1925; also, that defendant had been guilty of excesses, cruelty and outrages towards plaintiff. To this complaint the defendant filed an answer, pleading in bar to plaintiff's cause of action a judgment of separation from bed and board entered in her favor on December 18th, 1924, upon the grounds of desertion and cruelty. The cause was tried to the court without a jury, and upon its conclusion judgment was rendered in favor of defendant.

The question is whether the defendant, who was living separate and apart from plaintiff from December 18th, 1924, under a decree of the court, could be guilty of wilful desertion. It is the contention of plaintiff that she could, and upon such assumption he attempted to prove at the trial a good-faith offer of reconciliation on his part. The rejection of such

offer is the basis of the only assignment that requires attention. It is contended that, notwithstanding defendant was living separate and apart from plaintiff in pursuance of a judgment of the ·court, her refusal to be reconciled amounted to a desertion from the date of the refusal and ripened into a cause of action in favor of plaintiff when continued for the statutory period of one year, as in this case.

Under the laws of this state, divorces are of two kinds. The husband or wife, upon proper statutory grounds, may be granted an absolute dissolution of the marriage bond. The decree in such a proceeding frees them from the bonds of matrimony and all marital obligations to each other. In addition to this remedy, open to both the husband. and the wife, the wife, when grounds exist that would entitle her to an absolute divorce, may, if she desires the continuance of the marital relation, be freed from the obligation of cohabitation by securing a decree of separation from bed and board. In the latter case the decree may be forever or for a limited time. Par. 3874, Civ. Code 1913. This is the ecclesiastical or common-law decree of divorce *a mensa et thoro.* The decree interposed as a bar to the present action was of this kind. It provided for a separation from bed and board forever, and directed the plaintiff to pay defendant alimony at the rate of one hundred dollars a month, but it did not dissolve the bonds of matrimony. The status of the parties as married people remained the same, with the exception that the wife was freed from the obligation of living with her husband, and such freedom was to continue "forever" unless there should take place a change of heart and mind of the parties as provided in paragraph 3879, Civil Code, which reads as follows:

"Upon a joint application of the parties, and satisfactory proof of their reconciliation, the court grant-

ing any decree of separation may revoke the same, under such regulations and restrictions as it shall prescribe.''

Under this statute, it is not sufficient that the delinquent or guilty husband shall have repented and offered to amend his life. No independent action on his part is contemplated or authorized to secure a revocation of the decree. Nothing short of a reconciliation of the parties, satisfactorily shown to the court upon a joint application, can nullify the decree of separation from bed and board, and as long as the decree exists the wife may live apart from the husband and not be guilty of wilful desertion. Her act of living apart from him is under and by virtue of a decree of a competent court; it has the sanction of law, whereas wilful desertion is not only a violation of the marriage vows, but a wrong against society. It may seem that this penalty inflicted on a husband whose wrongful conduct towards his wife has compelled her to seek redress in the courts of the land, especially after he has repented and sought a reconciliation, is more severe than is necessary or expedient, but it should be remembered that he brought it on himself; that if he had not first deserted his wife the separation from bed and board could not have been obtained by her on that ground.

What was said in *Boger* v. *Boger*, 86 W. Va. 590, 104 S. E. 49, is expressive of our convictions of the law:

''Desertion under such circumstances is a legal impossibility. The decree awarded the wife affirmed her right to live separate and apart from her husband, and absolved her from the duty to cohabit with him or even to treat him kindly. Though still his wife in a qualified sense, she was relieved of personal duty to him in any way. She could lawfully absent herself from him. Her exercise of that right could not amount to any misconduct or wrong toward him, in the legal sense of the terms. If, as the argument

assumes, it is wrong to deny him freedom from the bonds of matrimony, while he is cut off from association with his wife and children and exposed to their indifference and perhaps hatred, the wrong done him is not a legal one for which the law affords redress; wherefore he is not within the legal maxim he invokes. There are a great many moral, economic, social, marital, and other wrongs of which the law takes no notice. Presumptively his wrongful conduct brought about the altered status of which he complains, and the Legislature, in denying him a right which it has extended or permitted to her, has no doubt applied another maxim of equal wisdom, namely, that no person shall be permitted to take any advantage, or to profit in any way, by his own wrong.''

Our statute authorizing a decree of separation from bed and board (chap. 5, tit. 32, Civ. Code 1913) was taken from Minnesota, with the exception of the last paragraph (3880) thereof. The courts of that state upon this question have asserted that:

''A separation which is sanctioned and authorized by the decree or judgment of a court of competent jurisdiction is neither wrongful nor unlawful, and cannot be made a ground for divorce as against the party rightfully acting under it.'' *Weld* v. *Weld,* 27 Minn. 330, 7 N. W. 267.

The divorce *a mensa et thoro* being available to the wife only will not bar the husband from obtaining an absolute divorce on any of the specified statutory grounds, but such ground or grounds must arise because of the unlawful and wrongful acts of the wife and not upon acts sanctioned and authorized by judgment or decree. *Evans* v. *Evans,* 43 Minn. 31, 7 L. R. A. 448, 44 N. W. 524. The wife likewise may, subsequent to a decree of separation from bed and board, maintain an action for an absolute divorce upon any of the specified statutory grounds, and under the provisions of paragraph 3880, *supra,* she is expressly authorized to maintain such action

on the same grounds as were the basis of the decree of separation from bed and board.

This exception to the general rule, requiring a joint application of the parties with satisfactory proof of a reconciliation before a separation decree may be revoked, is made in favor of the wife and not the husband. This is significant, and, under a well-known rule of construction, probably was intended as the only exception whereby a decree of separation from bed and board can be revoked. As heretofore stated, paragraph 3880 was not borrowed from Minnesota, as was the rest of chapter 5, *supra,* but long after it was included in our law it was by judicial decision made a part of the law of Minnesota. *Kunze* v. *Kunze,* 153 Minn. 5, 25 L. R. A. 1045, 189 N. W. 447. This exception, whatever its origin, is based upon the soundest of reasoning. It is founded upon the wrongful and unlawful conduct of the husband—something that he has done in violation of his marriage vows. In the Kunze case, as the facts appear, the defendant not only neglected to pay the court allowance to his wife under the limited decree, but had left the state and its processes. The wife's course of conduct when regulated in accordance with a court decree cannot, as we have seen, be legally wrong, and yet if we would sustain the plaintiff in this action it would be necessary to say that in doing right defendant was wrong. The wife cannot be convicted of wilful desertion while living apart from her husband as a competent court has said she could do.

We are satisfied the ruling of the court rejecting plaintiff's offer was correct. There are cases holding to the contrary, notable among which is the comparatively recent one of *Appleton* v. *Appleton,* 97 Wash. 199, 166 Pac. 61. But while in the Appleton case, and others like it, the fact situation may have been practically the same as here, the con-

trolling legislation was very different. In the Appleton case the judgment pleaded in bar of the husband's action for an absolute divorce was one for separate maintenance, and the court disallowed it, holding that the husband's good-faith offer of reconciliation, if refused by the wife, would ripen into abandonment if continued for the statutory time.

The action for separate maintenance and the action for divorce *a mensa et thoro* are not the same. The former has for its object the compelling of a husband, who has wilfully deserted or abandoned his wife or who has committed acts that would give cause for an action for an absolute divorce, to provide support for his wife and children, if any. It more directly involves the property rights. The judgment does not expressly authorize the wife to live separate and apart from the husband. That is probably what happens, but if so it is not under the sanction of a court decree, whereas under a decree of separation from bed and board the refusal of the wife to cohabit with the husband is so sanctioned and authorized. When a decree of separation from bed and board is once entered, the statute provides how it may be revoked. Par. 3879, *supra*. No such provision regulating the reconciliation of the parties is contained in the statute providing for the action for separate maintenance.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.