FINDINGS OF FACT AND CONCLUSIONS OF LAW
LUHRING, J.
This is a bill for an absolute divorce on the ground of desertion, pursuant to the provisions of Tit. 14, See. 63, D. C. Code 1929, as amended by the Act of August 7, 1935.
The plaintiff and the defendant were married on the 4th day of June, 1928, at Washington, D. C. They lived and cohabited together as husband and wife until the 12th day of August, 1933, when the defendant wilfully deserted the plaintiff.
On the 2nd day of September, 1933, the plaintiff filed in this court a petition for a divorce a mensa et thoro from the defendant on the following grounds: (a) Cruelty, in that the defendant struck and beat the plaintiff; (b) desertion, in that the defendant on said 12th day of August, 1933, left the defendant without cause and has not lived or cohabited with her since; and (c) adultery with one Elizabeth Howard, who, however, was not made a party defendant. That cause came on for hearing and such proceedings were had as that on the 12th day of December, 1934, the plaintiff was granted a decree of divorce a mensa et thoro on the ground of desertion, and the defendant was ordered and directed to pay to the plaintiff “the sum of $8.00 per *110 week permanent alimony, beginning the 30th day of November, 1934, and continuing each and every week thereafter until further order of this court.”
At the time of the filing of the petition herein, the decree of December 12th, 1934, was in full force and effect and had not been revoked or set aside pursuant to the provisions of Tit. 14, Sec. 65, Code D. C. The parties have not lived and cohabited together as husband and wife since the 12th day of August, 1933. The defendant has complied with the order of the court of December 12th, 1934, directing him to pay to the plaintiff the sum of $8.00 per week as permanent alimony.
CONCLUSIONS OF LAW
Prior to the Act of August 7th, 1935, amending the divorce laws of the District of Columbia, only a legal separation from bed and board was granted for drunkenness, cruelty or desertion. That Act made desertion a ground for a divorce from the bond of marriage. With respect to decrees of divorce from bed and board theretofore granted, the amending Act provides that where the “separation of the parties has continued for two years since the date of such decree, the same may be enlarged into a decree of absolute divorce from the. bond of marriage upon the application of the innocent spouse.”
But under Tit. 14, Sec. 66, Code D. C., it is provided that “where a divorce from bed and board has been decreed the court may afterwards decree an absolute divorce between the parties for any cause arising since the first decree and sufficient to entitled the complaining party to such decree ’ ’ (italics supplied). Under the provisions of this section either party may seek an absolute divorce. The right is not limited to “the innocent spouse.”
The petition here proceeds upon the theory of desertion for two years. The petition was filed December 20th, 1935, and it is alleged that the desertion took place August 12th, *111 1933. There is included in this computation the time during which the parties were legally separated by virtue of the decree of December 12th, 1934, or a period of approximately one year.
The Act of August 7th, 1935, is retrospective and applies to existing conditions as well as to conditions arising after its enactment. Tipping v. Tipping, 65 App. D. C.-, 64 W. L. R. 222, 82 F. (2d) 828, decided February 3rd, 1936. Therefore, the single question presented is whether or not desertion can be predicated on the fact that the defendant has' lived separate and apart from the plaintiff since the 12th day of August, 1933, notwithstanding that they were legally separated by the decree of December 12th, 1934.
Desertion has been defined as the voluntary separation of one spouse from the other for the time specified by statute, without the latter’s consent and with the intention of not returning. 19 C. J. 56, Sec. 109.
“A separation which is sanctioned and authorized by ' the decree or judgment of a court of competent jurisdiction is neither wrongful nor unlawful, and cannot be made a ground for divorce as against the partly rightfully acting under it.” Weld v. Weld, 27 Minn. 330, 331.
In the case of Boger v. Boger, 86 W. Va. 590, the husband filed a bill for divorce from the bonds of matrimony more than two years after the entry of a decree of divorce from bed and board on a bill filed by the wife. The bill of the husband was based upon the theory of desertion by the wife after the procurement of the divorce a mensa et thoro. A demurer to the bill was sustained, the court saying:
“Desertion under such circumstances is a legal impossibility. The decree awarded the wife affirmed her right to live separately and apart from her husband and absolved her from duty to cohabit with him or even treat him Hndly. Though still his wife in a qualified sense, she. was relieved of personal duty t.o him in any way. She could lawfully absent herself from him. Her exercise of that right could *112 not amount to any misconduct or wrong toward Mm, in the legal sense of the terms.”
In the case of Kunze v. Kunze, 152 Minn. 5, the plaintiff wife obtained a decree of divorce from bed and board, and the decree required the defendant husband to pay her a sum monthly for support. Soon after the entry of the judgment, the defendant left the state and did not pay' to the plaintiff any part of the alimony or support money required by the judgment to be paid.
Subsequently the plaintiff commenced an action against the defendant for absolute divorce, alleging the same acts of the defendant as were the basis of the former action, and alleging also the defendant’s conduct since the former decree as above detailed, and relying on those facts as constituting desertion. The trial court derned plaintiff any relief, apparently on the ground that desertion could not be predicated on the conduct of the defendant after the decree of separation.
Hallam, J., in reversing the trial court, said:
“While it is true that the mere fact of living apart, which is neither wrongful nor unlawful because sanctioned and authorized by a court decree, cannot be made a ground for divorce, still if, as held in the Evans case, by a decree of separation ‘the marriage relation is merely suspended as to certain marital rights and relations ’ but remains operative as to others, it would seem to follow that the complete abandonment of the wife by the husband and the repudiation of those marital obligations which, still subsist may constitute desertion.
“We hold that though there is a decree of separation obtained by the wife because of the cruelty of the husband, wMch reserves certain marital duties, the complete abandonment by the husband of his wife and the repudiation of the marital obligations wMch he still owes her may constitute desertion, and where by the decree of separation the husband is required to contribute to the wife’s support, his failure to perform that obligation, his departure and absence for a period of eight years, thus placing himself *113 beyond the reach of reconciliation and beyond the jurisdiction of the court, may constitute wilful desertion within the meaning of our statute.”
The decree of December 12th, 1934, is the ecclesiastical or common law decree of divorce a mensa et thoro. It provided for a separation from bed and board and directed the defendant to pay alimony at the rate of $8.00 weekly, but it did not dissolve the bonds of matrimony. The status of the parties as married people remained the same. “A limited divorce or a divorce a mensa et thoro does not dissolve the marriage, but permits the parties to live apart upon prescribed terms within the provisions of the statute under which it is rendered. ” 19 C. J. 157, Sec. 401. Such a divorce “substitutes for the common law obligation arising from the marriage the terms of the judgment, which is thereafter the measure of the rights and duties of the parties.” 19 C. J. 185, Sec. 458.
Therefore, as long as the decree of December 12th, 1934, remains in force the defendant may live separate and apart from the plaintiff. In the event, however, that the parties become reconciled, and desire to renew the full marital status, they may be discharged from the operation of the decree upon their “joint application,” pursuant to Tit. 14, Sec. 65, Code D. C. Under a similar statute of Arizona, the husband attempted to prove at the trial a good faith offer of reconciliation on his part, and it was held that nothing short of a reconciliation of the parties, satisfactorily shown to the court upon a joint application, can nullify the decree of separation from bed and board, and that as long as the decree exists the wife may live apart from the husband and not be guilty of wilful desertion. Williams v. Williams, (Ariz.) 265 P. 87.
The defendant Rose was legally living separate and apart from the plaintiff following the entry of the decree of December 12th, 1934, and, having fully complied with *114 its provisions for the payment of alimony, he completely discharged his duty and obligation to the plaintiff, and is not gnilty of desertion.
The plaintiff may avail herself of the remedy provided by the Act of August 7th, 1935, and may, within the proper time, apply to have the decree of December 12th, 1931, enlarged into a decree of absolute divorce from the bonds of marriage. And since Congress provided this specific remedy, it undoubtedly had in mind the settled law that a separation pursuant to a decree of court was not such desertion as would support a suit for absolute divorce.
The bill must be dismissed.
Counsel will please prepare decree.