# CAROLINE AND F. L. BIRDSALL v. DULUTH-SUPERIOR TRANSIT COMPANY.[1]

May 29, 1936.

Nos. 30,703, 30,704.

*G. A. E. Finlayson,* for appellant.

*Warner E. Whipple* and *George W. Atmore, Jr.,* for respondents.

[1]Reported in 267 N. W. 363.

DEVANEY, CHIEF JUSTICE.

Actions by husband and wife for injuries received by the wife and for expenses incurred in her care thereafter.

Defendant, the Duluth-Superior Transit Company, operates both busses and streetcars on the streets of the city of Duluth. During the afternoon of January 19, 1935, Mrs. Birdsall boarded one of defendant's busses. The bus proceeded westerly along Superior street. At the intersection of Superior street with Third avenue at the instant the bus in which Mrs. Birdsall was riding was passing, one of defendant's streetcars which was traveling in an easterly direction derailed. A collision between the bus and the streetcar resulted. Plaintiff was thrown from her seat to the floor in the aisle of the bus and as a consequence suffered a fracture of the left thigh bone near the hip joint.

The two actions were tried together before the same jury, which returned a verdict for Mrs. Birdsall for $5,000 and one in favor of her husband for $1,866.35. Thereafter the trial court ordered a reduction of the wife's verdict from $5,000 to $4,000. Consent to the reduction was filed, and defendant's motion for judgment notwithstanding or for a new trial was denied. The husband's verdict was sustained unconditionally. Defendant appeals from these orders.

Three questions are presented:

(1) Was the question of defendant's negligence properly submitted to the jury?

(2) Did the court err in allowing plaintiffs to amend the complaint?

(3) Are the verdicts excessive?

Defendant company, a common carrier of passengers, owned and operated both vehicles involved in the collision. There is no proof that the bus was negligently operated. There is a suggestion that the derailment of the streetcar occurred by reason of a so-called "split switch"—a displacement or movement of the switch point—while the streetcar was passing over it. There is testimony that it is not uncommon for material to fall from vehicles onto the streetcar tracks, which defendant contends indicates that the occur-

rence was caused by a "simple derailment" due to circumstances beyond its control. There is, however, no positive testimony in the record that a split switch caused the derailment or that any impediment or foreign substance on the tracks caused the same. The exact cause of the derailment which was followed by the collision is therefore not susceptible of unequivocal proof.

The jury was properly permitted to draw an inference of negligence from the fact that the collision occurred. Where an injury has been caused by an agency under the exclusive control of the defendant as to both inspection and operation, the nature of the instrumentality is such that the occurrence which caused the injury would not ordinarily have happened in the absence of negligence, and the occurrence was not due to any voluntary action on the part of plaintiff, the circumstances give rise to an inference that defendant has been negligent, sufficient to take plaintiff's case to the jury. 5 Wigmore, Evidence (2 ed.) § 2509; Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479. This principle is often characterized by the courts by the Latin phrase *res ipsa loquitur*. Aside from any characterization, it is merely a principle based upon the logical assumption that under certain circumstances, if an accident occurs, there is a probability that it was due to the negligence of the defendant. In the absence of other evidence, the jury is permitted to draw an inference that such was the case, but is not obliged to do so. Its procedural effect has been stated by Professor Prosser, in a well considered article entitled "The Procedural Effect of Res Ipsa Loquitur" in 20 Minn. L. Rev. 241, 243:

"The least effect which may be given to res ipsa loquitur is to permit the jury to infer from the plaintiff's case, without other evidence, that the defendant has been negligent. Such an inference is enough to satisfy, in the first instance, the burden which rests upon the plaintiff to introduce evidence upon which reasonable men may find in his favor. It is enough to avoid a nonsuit, or a dismissal. It is not enough to entitle him to a directed verdict, even though the defendant rests without evidence. It shifts no 'burden' to the defendant, except in the sense that if the defendant offers no evi-

dence, he runs the risk that the jury may find against him. The jury will be permitted to accept the inference, but it is not compulsory; if they see fit to find for the defendant, they are free to do so. A verdict either way will be sustained. In other words, a 'permissible inference' makes enough of a case to get to the jury, and no more."

The instant case has all the requisites to bring it within this principle. Defendant controlled both vehicles; the occurrence was of the type that would not ordinarily have happened but for negligence; and the injury received by the plaintiff was in no way due to any voluntary action on her part. This is not a case involving a collision between a carrier and another vehicle not under its control, in which case the problem would be more difficult. See 30 Ill. L. Rev. 980, Prosser, "Res Ipsa Loquitur: Collisions of Carriers With Other Vehicles." The control herein was wholly in the defendant company. It matters not that plaintiff was riding on the bus and the probability of negligence extended only to the streetcar, appliances connected with the streetcar, or the streetcar tracks. The application of the above principle is the same. We conclude that there was no error in submitting the question of defendant's negligence to the jury.

The court did not err in instructing the jury with respect to the law of this case. The instruction given concerning the application of the so-called doctrine of *res ipsa loquitur* was proper and was a succinct and exact statement of the principle hereinbefore discussed. Nor did the court err in failing to submit to the jury the question of whether or not the accident was a result of the negligent operation of the switch or of a derailment caused by some object upon the track. Instruction as to the negligent operation of the switch could not have aided defendant in any way, and there is no evidence of the presence of an object on this particular track to warrant submission of that question to the jury.

■ The court allowed plaintiffs to amend their complaint so as to include a specific allegation of negligence with respect to the keeping and maintaining of the tracks, rails, and roadbed in a safe and

proper condition. This was at the close of all the testimony. This amendment was entirely unnecessary as the complaint alleged negligence generally in the operation and control of the two vehicles, which allegation was sufficient to permit the jury to consider the question whether defendant was negligent in any respect under the so-called doctrine of *res ipsa loquitur*. Furthermore, the purpose of this amendment was to conform to the testimony offered by defendant that objects frequently fell on the streetcar tracks from passing vehicles. The matter of amendment to the pleadings is a matter lying almost wholly within the discretion of the trial court, and its decision will not be reversed on appeal in the absence of clear abuse of discretion. Cosmopolitan State Bank v. Sommervold, 158 Minn. 356, 197 N. W. 743. Where, as here, the amendment cannot mislead the defendant, amendment to conform to proof is clearly not an abuse of the court's discretion. Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45.

■ We hold that neither verdict is excessive.

The jury awarded to the husband the sum of $1,866.35, the sum he claimed to have paid in the care and treatment of his wife's injuries. While another husband might have expended less in the care of his wife, there is no showing that this was an unreasonable expenditure. There is no showing that any other care, nursing, or medical attention than that here given would have sufficed. The testimony of the attending physician substantiates the claim that the employment of the nurses was necessary. The court's instruction was to the effect that the jury should award "only such sum as was reasonably incurred in connection with the care and treatment of the injured plaintiff," and they were not bound by the amount paid by the husband. The jury having found that the expenditures were reasonable, there is no ground on which we could base a reversal of the finding.

The wife's verdict was for $5,000, reduced to $4,000. She suffered a complete fracture of the left femur at the point where it connects with the pelvis. She remained in the hospital from seven to eight weeks. During that time she was confined to bed until

the last week, when she was permitted to sit in a wheel chair for an hour a day. After she was released from the hospital she was confined to her home, and was unable to walk for two months more. She suffered much pain and discomfort. The trial court, exercising a proper judicial discretion, reduced the original verdict by the amount it considered excessive. It by no means follows from the mere fact that the trial court considered the original verdict excessive that the damages awarded were given as a result of passion and prejudice. The verdict in this case was not so large as to compel the conclusion that it was arrived at without fair and impartial consideration. The rule to which we adhere is succinctly stated in Goss v. Goss, 102 Minn. 346, 348, 113 N. W. 690, 691:

"The damages may have been excessive; but it cannot be inferred therefrom that they were the result of passion or prejudice, unless they were so large, when compared with what the evidence indicates that they ought to have been, that the court must conclude that they were not awarded upon any fair and impartial consideration of the evidence as to the damages."

Although this practice of trial courts' reducing verdicts has been criticized as illogical and inconsistent, nevertheless the proper application of this method brings substantial justice to the parties and concludes the litigation. We can find no ground for disturbing the trial court's decision.

The orders are affirmed.