21 So.2d 549

### DARDEN v. DARDEN.

### 6 Div. 269.

Supreme Court of Alabama.

March 29, 1945.

Clark Williams, of Birmingham, for appellant.

Hiram Dodd, of Birmingham, for appellee.

SIMPSON, Justice.

This appeal is from a decree sustaining demurrer to a bill for divorce, a vinculo filed by a husband more than two years after the entry of a decree from bed and board against him, on bill filed by the wife.

Right to relief is premised upon the theory of a desertion or abandonment by the wife subsequent to the procurement of her divorce a mensa et thoro and then her later refusal of a proffered reconciliation.

The relation of the parties after such a decree of divorcement has been fully declared in our decisions and need not be here repeated, except to observe that it is a legal separation. Ex parte Hale, ante, p. 40, 18 So.2d 713; McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318.

The question is whether the respondent (wife), living separate and apart from her husband under such a decree, can be guilty of voluntary abandonment, after her refusal to renew conjugal relations upon a good-faith proffer of reconciliation.

The bill seeks to maintain the affirmative of this proposition and makes the contention that notwithstanding her living separate and apart from complainant under sanction of a decree of a court of competent jurisdiction, her refusal to be reconciled was tantamount to an abandonment from the time of such refusal, authorizing maintenance of the present proceedings, when continued for the statutory period (then) of two years.

The question is original with us, but it seems clear that abandonment in the sense of a marital wrong as grounds for a divorce under our statute, is a legal impossibility in the circumstances here disclosed. Her conduct in the premises was a "legal separation," sanctioned by a court authorized, under the statute (Code 1940, Title 34, § 36), to so decree, and could therefore be neither wrongful nor unlawful and cannot be made a ground for divorce, so long as she is acting rightfully under it. Abandonment, in such legal sense, imports a willful desertion by one party of the other and involves a violation of marital duty by the abandoning spouse. That there is no such violation under the circumstances here detailed is quite manifest.

This is the logic of the law and seems to be the weight of authority. 25 A.L.R., Note, p. 1047; 61 A.L.R., Note, p. 1268; Williams v. Williams, 33 Ariz. 367, 265 P. 87, 61 A.L.R. 1264; Boger v. Boger, 86 W. Va. 590, 104 S.E. 49; Weld v. Weld, 27 Minn. 330, 7 N.W. 267; Kunze v. Kunze, 153 Minn. 5, 189 N.W. 447, 25 A.L.R. 1045; Taylor v. Taylor, 72 N.H. 597, 57 A. 654; Kyle v. Kyle, 52 N.J.Eq. 710, 29 A. 316; People v. Cullen, 153 N.Y. 629, 47 N.E. 894, 44 L.R.A. 420; Miller v. Miller, 150 Mass. 111, 22 N.E. 765; Harding v. Harding, 198 U.S. 317, 340, 25 S.Ct. 679, 49 L. Ed. 1066; 17 Am.Jur. p. 396, § 487.

It results, therefore, that the decree sustaining the demurrer to the amended bill was proper, and must be affirmed.

This holding, however, is not to indicate that a divorce a mensa et thoro will bar the deserting spouse from a right of divorce on any other of the specified statutory grounds (not litigated or properly litigable in the original proceedings), because of the wrongful or unlawful conduct of the other, but the right may not be predicated of acts sanctioned and authorized by the a mensa decree. Williams case, supra; Evans v. Evans, 43 Minn. 31, 44 N.W. 524, 7 L.R.A. 448; Savage v. Savage, ante, p. 389, 20 So.2d 784; 27 C.J.S., Divorce, p. 829, § 174.

The situation of the parties, as indicated by the instant bill, is also to be contradistinguished from that where a decree has been rendered against the husband on a bill merely for separate maintenance, where respectable authority has held that such a decree, while res adjudicata of matters occurring between the parties up to that time (which [we interpolate] were or might have been properly litigated, 27 C.J.S., Divorce, § 174, p. 829), does not bar an action for divorce by the husband against the wife for abandonment, after her refusal of his bona fide offer of reconciliation and request for return, if continued for the statutory period. Appleton v. Appleton, 97 Wash. 199, 166 P. 61. See also 6 A.L.R. 84, Note XIV; Keezer, Mar. & Div., 2d Ed., p. 466, § 646. The distinction was thus observed in the Williams case, 33 Ariz. 367, 265 P. 87, 89, 61 A.L.R. p. 1267, to-wit:

"The action for separate maintenance and the action for divorce a mensa et thoro are not the same. The former has for its object the compelling of a husband, who has willfully deserted or abandoned his wife or who has committed acts that would give cause for an action for an absolute divorce, to provide a support for his wife and children, if any. It more directly involves the property rights. The judgment does not expressly authorize the wife to live separate and apart from the husband. That is probably what happens, but if so it is not under the sanction of a court decree, whereas under a decree of separation from bed and board the refusal of the wife to cohabit with the husband is so sanctioned and authorized."

There is a principle in the decisions which sanctions the modification of decrees in equity that are continuous in operation and deal with future activities. Such decrees are said to be subject to modifica-

tion where "the circumstances and situation of the parties are shown to have so changed as to make it just and equitable to do so." Ex parte Myers, 6 Div. 312, 21 So.2d 113, 115[1]; Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Epps v. Epps, 218 Ala. 667, 120 So. 150; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825. As to decrees of this kind, it is said that "a court does not abdicate its power to revoke or modify its mandate, if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong." U. S. v. Swift, 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999.

A decree a mensa would, perhaps, be governed by the same rule of modification. It is regarded as temporary, provisional and conditional, affording an opportunity for reconciliation. 27 C.J.S., Divorce, p. 785, § 160. Under the ecclesiastical law, whence it comes, it was never regarded as final, but terminable at any time by the reconciliation of the parties and "was forever open to revision and reversal. Meadows v. Kingston, Ambl. 756, 27 Reprint 487; Bowzer v. Ricketts, 1 Hagg. Const. 213; Morris v. Webber, 2 Leon. 169, 74 Reprint 449; Poynter Mar. & Div. p. 157." 19 C.J. p. 165, Note 94(d), 27 C.J.S., Divorce, § 6, note 45. Such decree does not remove the vinculum of marriage. McWilliams case, supra. Nor does it affect the underlying marital status, merely authorizing a living separate and apart but terminable at the will of the parties. 2nd Schouler, Dom.Rel., 6th Ed., § 1938, p. 2068; Kunze v. Kunze, supra; Pettis v. Pettis, 91 Conn. 608, 101 A. 13, 4 A.L.R. 852(7); 9 R.C.L. 243, 244.

It would seem, therefore, sound to hold that such a decree, continuous in operation, which looks forward to a future event, the hoped for reconciliation of the parties, and which suspends the normal and creates a terminable, abnormal relation between husband and wife, would, under circumstances, be subject to the same principle of modification by a court of equity as has been approved by the authorities as regards decrees, similar in nature, in other cases.

The case before us, however, does not present this exact question, so we forego further discussion.

Affirmed.

All the Justices concur.