29 So.2d 409

### DARDEN v. DARDEN.
#### 6 Div. 477.

Supreme Court of Alabama.
March 13, 1947.

Clark Williams and Dent Williams, both of Birmingham, for appellant.

Hiram Dodd, of Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Jefferson County, in equity, dismissing the petition of Clifford E. Darden to modify a decree of divorce from bed and board (a mensa et thoro) previously awarded his wife, Nollie May Darden, by awarding to the said Clifford E. Darden an absolute divorce (a vinculo matrimonii).

The appellant, Clifford E. Darden, and appellee, Nollie May Darden, were married on February 23, 1914. In September of 1937 Nollie May Darden filed suit against her husband for a divorce from bed and board. § 36, Title 34, Code 1940. On October 13, 1937, the circuit court of Jefferson County, in equity, rendered a decree granting a divorce from bed and board and authorizing the said Nollie May Darden to live separate and apart from her said husband, Clifford E. Darden.

Thereafter, on August 31, 1943, the said Clifford E. Darden filed a suit against Nollie May Darden for an absolute divorce (a vinculo matrimonii). Demurrer to the bill being sustained, it was amended on March 29, 1944. Right to relief was based upon the theory that notwithstanding the divorce from bed and board, the wife's refusal to renew conjugal relations after a good-faith proffer of reconciliation was tantamount to an abandonment from the time of such refusal. Demurrer to the amended bill was sustained and complainant, Clifford E. Darden, appealed to this court.

In Darden v. Darden, 246 Ala. 525, 21 So. 2d 549, in affirming the decree of the trial court, it was said:

"The question is original with us, but it seems clear that abandonment in the sense of a marital wrong as grounds for a divorce under our statute, is a legal impossibility in the circumstances here disclosed. Her conduct in the premises was a 'legal separation,' sanctioned by a court authorized, under the statute (Code 1940, Title 34, § 36), to so decree, and could therefore be neither wrongful nor unlawful and cannot be made a ground for divorce. so long as she is acting rightfully under it. Abandonment, in such legal sense, imports a willful desertion by one party of the other and involves a violation of marital duty by the abandoning spouse. That there is no such violation under the circumstances here detailed is quite manifest."

However, Clifford E. Darden has construed some of the language of that opinion as justifying the present proceedings and on April 24, 1946, filed what is termed an "amended petition to modify," which is as follows:

"Comes Clifford E. Darden, respondent in the above styled cause, and amends his Petition to Modify, heretofore filed in said cause so as to read as follows:

"1. That, heretofore on, to-wit: the 13th day of October, 1937 a decree was rendered by this Honorable Court in this cause, decreeing a divorce from bed and board in favor of the complainant and against respondent, petitioner herein, for and on account of voluntary abandonment.

"2. That within two years from the rendition of this decree, the said respondent

returned to complainant and requested a reconciliation and agreed to treat her with conjugal kindness, but the said complainant, Nollie May Darden, spurned his offer and refused to live with him again, and has continued to refuse to live with him again, although he has repeatedly offered a reconciliation.

"3. Petitioner shows further unto Your Honors that there is no hope of a reconciliation between the parties and that the said petitioner is deprived of his freedom of movement in society by virtue of the restrictions imposed by the bonds of matrimony, in that, while said decree heretofore entered in this cause denies to your petitioner the right of companionship and conjugal association with his wife which, nevertheless, does not relieve him of the bonds of matrimony, thereby depriving him of the society and companionship to which he is entitled.

"Premises considered, Complainant prays that your Honors will take jurisdiction of this petition and that upon final hearing of this petition your Honors will so modify the said decree heretofore rendered in said cause, by dissolving the bonds of matrimony heretofore existing between the complainant and respondent, and will further decree that he be allowed to marry again if he sees fit, and complainant offers to do equity and prays for such other, further, different or general relief as the equities of this cause may require."

Nollie May Darden filed a motion to dismiss the said "amended petition to modify," which motion was granted and the petition was dismissed. As before indicated, Clifford E. Darden has appealed to this court from that decree of dismissal.

■ We are of the opinion that the decree of the trial court must be affirmed. Petitioner, Clifford E. Darden, seeks an absolute divorce from his wife, Nollie May Darden. The jurisdiction of courts of equity to dissolve the bonds of matrimony is purely statutory. Martin v. Martin et al., 173 Ala. 106, 55 So. 632. One of the jurisdictional facts essential to the validity of a proceeding for divorce is that a statutory cause or ground therefor must be alleged in the bill. Tillery v. Tillery, 217 Ala. 142, 115 So. 27. Appellant's right to relief is premised upon the allegation that the wife is guilty of voluntary abandonment in that she refused to renew conjugal relations with the said Clifford E. Darden upon a good-faith offer of reconciliation, although at the time such refusal was made the wife was living separate and apart from the husband under a decree of divorce from bed and board obtained at the instance of the wife. It was expressly held in Darden v. Darden, 246 Ala. 525, 21 So.2d 549, that the refusal of the wife to return to the husband under such circumstances did not constitute a ground for divorce.

■ While an equity court may be authorized to modify a decree a mensa et thoro in some respects so as to meet a change in circumstances and situations of the parties (Darden v. Darden, supra), it cannot under the guise of modification of that decree award an absolute divorce severing the bonds of matrimony where a statutory ground therefor does not exist.

The husband, Clifford E. Darden, complains of the restrictions placed upon him by the decree of divorce from bed and board. It deprives him of association with his wife, yet the bonds of matrimony have not been severed. But it must be remembered that the husband's wrongful conduct brought about the status about which he complains and, as observed, with that decree outstanding, his wife could not be guilty of abandonment so as to justify his divorcement of her on that ground. Under the law of this state, the wife had the right to make that wrongful act the basis of a divorce from bed and board rather than an absolute divorce. Section 36, Title 34, Code 1940, is as follows: "The judge may decree a divorce from bed and board for cruelty in either of the parties, or for any cause which would justify a decree from the bonds of matrimony, if the party applying therefor desires only a divorce from bed and board."

■ The divorce from bed and board awarded Nollie May Darden affirmed her right to live separate and apart from her husband and absolved her from the duty to cohabit with him, or even to treat him kindly. Though still his wife in a qualified

58

sense, she was relieved of personal duty to him in any way because of his wrongful conduct. She could lawfully absent herself from him; her exercise of that right could not amount to any misconduct or wrong toward him, in the legal sense of the terms. She was under no legal duty to return to her husband. Having committed such a wrong as to warrant a court of equity to award a decree of divorce from bed and board, the husband cannot, merely by requesting the wife to return to him, place her in a position of being a wrongdoer by her refusal to return, so long as the decree a mensa remains in force.

It results, therefore, that the decree dismissing the amended petition to modify the decree of divorce from bed and board was proper and must be affirmed.

Affirmed.

All the Justices concur.