122 So.2d 160

William L. HUBBARD

v.

Mable A. HUBBARD.

6 Div. 551.

Supreme Court of Alabama.

July 14, 1960.

M. B. Grace and W. M. Westbrook, Jr., Birmingham, for appellant.

Rogers, Howard & Redden, Birmingham, for appellee.

LAWSON, Justice.

This suit was brought in the Circuit Court of Jefferson County, in Equity, by William L. Hubbard against his wife, Mable A. Hubbard.

The bill filed on May 22, 1959, sought an absolute divorce on the ground that the respondent voluntarily abandoned the complainant on November 29, 1957.

The trial court entered a decree denying the relief sought by the complainant and from that decree he has appealed to this court.

The evidence showed without dispute that the Circuit Court of Jefferson County, in Equity, on October 18, 1957, entered a decree which authorized the wife, Mable (Mabel) A. Hubbard, to live separate and apart from W. L. Hubbard. That decree was entered in a proceeding instituted by the wife against the husband.

■ Since the wife was authorized to live separate and apart from her husband by the decree of October 18, 1957, her subsequent absence from his home did not give him grounds for divorce as of May 22, 1959. Darden v. Darden, 246 Ala. 525, 21 So.2d 549. See Darden v. Darden, 249 Ala. 55, 29 So.2d 409.

■ The provisions of Act 390, approved September 4, 1957, Acts of Alabama 1957, Vol. 1, p. 532, which will be set out in the report of the case, have no application in this case, inasmuch as this bill was filed on May 22, 1959, and the decree authorizing the wife to live separate and apart from the husband was entered on October 18, 1957. Act 390, supra, has no field of operation until the decree from bed and board or of separate maintenance has been in force and effect for more than four years.

■ The decree of October 18, 1957, which authorized the wife to live separate and apart from her husband, is not void on its face and hence is not subject to collateral attack in this proceeding. Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831.

We cannot on this appeal give consideration to an assignment of error which challenges the decree of October 18, 1957, from which decree apparently no appeal was ever taken.

Counsel for appellee have moved that we fix a reasonable fee for services rendered in this court on behalf of appellee. We are of the opinion that the motion is well taken and the sum of $100 is fixed. See Taylor v. Taylor, 251 Ala. 374, 37 So. 2d 645.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.