**Arnold FUQUA, Appellant,**

v.

**George D. PATTERSON, Jr., District Director of Internal Revenue, Appellee.**

**No. 18999.**

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1961.

Charles Cleveland and Gordon & Cleveland, Birmingham, Ala., for appellants.

W. L. Longshore, U. S. Atty., Birmingham, Ala., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson and John A. Bailey, Attys., Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Robert N. Anderson, Atty., Dept. of Justice, Washington, D. C., M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

**PER CURIAM.**

The sole question presented for decision is:

"Whether the District Court correctly held that under a 1949 Alabama decree of separate maintenance the taxpayer and his wife were not 'legally separated' within the meaning of Section 71(a) (1) of the Internal Revenue Code of 1954, and that therefore the taxpayer-husband was not entitled to deduct under Section 215(a) of the Code maintenance payments which he made to his wife in 1955, 1956, 1957 and 1958 pursuant to the decree."

That question was fully and, we think, correctly discussed and decided by the district court in an able opinion reported as Fuqua v. Patterson, D.C.N.D.Ala.1961, 193 F.Supp. 313, 316. Judge Lynne considered as "virtually dispositive of the critical issue herein" the case of Darden v. Darden, 246 Ala. 525, 21 So.2d 549. The later case of Hubbard v. Hubbard, 1960, 271 Ala. 40, 122 So.2d 160, is not in conflict with Darden v. Darden, supra, for the decree in the Hubbard case expressly authorized the wife to live separate and apart from her husband. For the reasons stated in the opinion of the district court, its judgment is

Affirmed.