## Thompson's Extrx., et al. v. Thompson, et al.

(Decided December 10, 1920.)

### Appeal from Warren Circuit Court.

1. Insurance—Assignment of Policy Payable to Wife.—Where a life insurance policy was made payable to the wife of the insured in case she survived him; otherwise to the insured, his executors, administrators or assigns, and the wife died before the insured, an assignment by him during her lifetime to his children "in case of my wife's prior death to mine" was valid although the wife did not consent to the assignment; and although the insurer did not upon notice consent thereto; and although there was no actual delivery by the assignor of the assignment or policy to his children who were infants of tender years.

2. Insurance—Assignment of Policy.—A provision in a life insurance policy that "no assignment of this policy shall take effect until written notice shall have been given the company" is for the benefit and protection of the insurer and does not affect the validity of an assignment as between the assignor and assignee.

3. Insurance—Gift by Assignment.—A gift by assignment of a life insurance policy by a father to his infant children is not invalid because of the absence of an actual delivery to and acceptance by the children, where by his acts and conduct he constitutes himself their trustee in retaining possession of the policy.

BRADBURN & HARLIN and T. W. & R. C. P. THOMAS for appellants.

GILLIAM & GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The Mutual Benefit Life Insurance Company of Newark, New Jersey, issued to Walter W. Thompson two policies of insurance on his life, each for $1,000.00, one dated June 24, 1895, and the other June 3, 1896. Each policy was payable upon the death of insured "to Emma Thompson, wife of Walter W. Thompson in case she survives the insured; otherwise to the said insured, his executors, administrators or assigns." In 1897 and during the lifetime of the beneficiary, Emma Thompson, the insured wrote the following indorsement upon each of said policies and had same attested:

"In case of my wife's prior death to mine, I hereby assign this policy to my children.

              "(Signed) WALTER W. THOMPSON."

He then forwarded the policies to K. W. Smith & Co., agents of the company in Louisville, Kentucky, who later returned them to him with this letter:

"Dear Sir: The company writes June 3 as follows: We return herewith the policies sent us in cases No. 217912 and 230672, Thompson, without having taken copies of the assignment endorsed thereon, as we consider them too informal. The assignments should be upon the company's regular blanks and the names of the wife and children should be specifically given, or if it is only intended to transfer to only such children as may survive the insured, it should so appear in the assignment. Yours truly, K. W. Smith & Co."

No further attempt was made by the insured to procure the company's consent to the assignment to his children.

About ten years after the death of his wife in 1907 the insured filed the necessary affidavits with the company and requested that the policies be made payable to "his estate," which was done by the company on November 23, 1917, by the following indorsement on each of the policies:

"It appearing by affidavits filed with the company that Emma Thompson the beneficiary named, died 7th of February, 1907, this policy is now, on the written request of the insured made payable to him, his executors, administrators or assigns."

The indorsements were signed by the registrar of the company and the policies were returned to the insured and remained in his possession until his death in 1918. He was survived by four children, Ethel Thompson, James D. Thompson, Loren M. Thompson and Mrs. A. Hobdy. By his will Ethel M. Thompson was named as executrix and she qualified and is acting in that capacity. As executrix, she filed proof of his death and demanded payment to her of the policies. The other children demanded of the company that it pay to each of them one-fourth of the amount due upon the policies. The company then instituted this action against the four children and the executrix, paid the amount due under the policies into court and asked that the defendants be required to litigate among themselves their several claims thereto. Upon the issue formed between the executrix on the one hand and the other three children upon the other, the chancellor decided that the assignment made by the insured in 1897 to his children was

valid despite the company's refusal to consent thereto, and that the subsequent indorsement making the policies payable to himself, his executors, administrators or assigns, which was done without the consent of his children, was invalid. He therefore adjudged that one-fourth of the proceeds of the policies be paid to each of insured's four children, from which judgment the executrix has prosecuted this appeal.

Since Emma Thompson, wife of the insured was named as beneficiary in each of the policies and neither contains a "change of beneficiary" clause, it may be conceded that she did have a vested interest in same, as contended by appellant, which could not be impaired without her consent. But the policies were made payable to her only if she survived the insured and in the event that the insured survived her were payable to "the said insured, his executors, administrators, or assigns." Consequently, by the very terms of the beneficiary clause of each policy, the insured reserved to himself the right to make any assignment thereof that did not interfere with his wife's interest in the policies. The assignment he attempted to his children in 1897 did not in any wise interfere with the interest he had conferred upon his wife but was to take effect only "in case of my wife's prior death to mine." It is therefore clear that this assignment to the children was not invalid because of the wife's prior but not exclusive interest in the policies or because of her failure to consent to the assignment which did not prejudice or affect her interest therein. 14 R. C. L. 999; Box v. Lanier, 112 Tenn. 393, 79 S. W. 1042, 64 L R. A. 458.

Nor is this assignment by the insured to his children invalid because of the company's refusal to consent thereto although each policy contained a provision that, "No assignment of this policy shall take effect until written notice thereof shall be given to the company." In the first place written notice was given to the company, but even if this had not been done or if the policy had contained a provision that an assignment would be ineffectual without the company's consent, a failure to comply therewith would not have affected the valdity of the assgnment as between the assignor and assignee, since such provision in a life insurance policy is for the benefit and protection of the company alone. 25 Cyc. 771, 14 R. C. L. 998; Lee, et al, v. Murrell, 9 Ky. Law

Rep. 104; Meadows' Guardian v. Meadows, 13 Ky. Law Rep. 495.

Appellant also contends that the assignments to the children are invalid because there was no delivery of the assignments or the policies to them. All four of his children were infants of tender age at the time they were named assignees in the indorsements upon the two policies. The father retained possession of the policies as he had done from the beginning and continued to pay the premiums on same until they were fully paid up. Being a gift by the father to his infant children which he had a right to make, an actual delivery of the assignments or the policies was unnecessary to make the gift effectual. Burges v. New York Life Insurance Co., Tex. Civ. App. 53 S. W. 602.

This same principle is frequently applied to gifts of all kinds of property, although ordinarily incomplete without delivery and acceptance, as was done by this court in Williamson v. Yager, 91 Ky. 282, and in many cases that have followed and approved it. In that case referring to a statement of the doctrine in 8 Am. and Eng. Enc. of Law 1323, we find:

"It is there said, that the title to personal property may be transferred without delivery of possession, or without consideration, by a declaration of trust. That the title to personal property can ordinarily only be transferred, by way of gift, by a delivery of the property actually or constructively to the donee, or to some person in trust for him. Also the donor may constitute himself a trustee for the donee, but in order to do this, it is necessary for the donor to clearly and unequivocally declare that he henceforth holds the property as trustee for the donee. This declaration may be done by so many words, or by acts amounting to the same thing. When this trust is clearly created by the donor, equity will uphold it, and treat the gift as executed."

Not only did the insured clearly and unequivocally declare that he would henceforth hold the policies as trustee for his children by the written and attested indorsements on same, but in addition he gave the company written notice according to the terms of the policies of such intention (which alone in some jurisdictions is held a sufficient substitute for delivery, 25 Cyc. 769); and with the policies thus indorsed he paid the premiums thereon until same were fully paid up. And not only so but it was more than twenty years after the assignments

to his children and only about a year before his death that for some reason not apparent from the record the insured attempted a revocation of the gift. It would be hard to conceive of circumstances that would furnish stronger reasons for the application of the principle of constructive delivery and acceptance for the donees by the donor as their trustee.

Since therefore the assignments to the children were valid, and they did not consent to the later indorsements it results that those indorsements were and are invalid.

Wherefore the judgment is affirmed.