14 So.2d 371

### KELLEY v. KELLEY.
### 8 Div. 222.

Supreme Court of Alabama.
June 24, 1943.

Wm. C. Rayburn, of Guntersville, for appellant.

Hayes & Weeks, of Scottsboro, for appellee.

466

BOULDIN, Justice.

■ The legal duty of the husband to support and maintain the wife is incident to the marriage relation, begins with marriage and continues so long as they are husband and wife, unless, in the meantime, events relieve the husband of this legal duty.

■ If a separation comes under circumstances which absolve the wife of a duty to further cohabit with the husband, the duty of separate maintenance arises, and continues so long as the wrongful conduct of the husband renders a continued separation free from fault on the part of the wife.

■ Courts of equity have inherent jurisdiction, apart from divorce statutes, to entertain bills for separate maintenance, and decree a reasonable monthly allowance in keeping with the station in life of the parties, having due regard to the income of the husband and other pertinent circumstances; the court retaining a continued control over such allowance to meet changed conditions, and to enforce its decrees. These principles are so well settled in our jurisprudence that citation of cases seems superfluous.

In the instant case, the wife filed her bill for separate maintenance in 1936. Pending the suit, after a reference, an allowance of $40 per month was decreed to complainant, to be paid each month, pending the suit. These monthly allowances have been paid quite faithfully down to final decree in March, 1943. Soon after the original bill was filed in 1936, the respondent filed his answer and cross-bill seeking an absolute divorce on the ground of abandonment. An amendment to the cross-bill was filed in 1941. Evidence being taken on the issues presented by the original bill, amended cross-bill and answer thereto, the cause was submitted for final decree on the cross-bill, and cross-complainant denied relief.

Appellant here challenges this ruling on the ground that the husband, having the right to choose the domicile of the family, had occasion to remove from Scottsboro to Sheffield, desired to do so, was ready to provide a home in Sheffield; that the wife, without good cause, refused to accompany him to Sheffield.

The cases of Winkles v. Powell, 173 Ala. 46, 55 So. 536, and Neville v. Neville, 220 Ala. 57, 124 So. 107, relied upon by appellant, define the law in this regard. The refusal of the wife to go with the husband to a new home selected by him may constitute an abandonment, subject to certain limitations, not necessary to here consider.

■ But, as in the Winkles case, the evidence in this case fully supports a finding of the trial court that this was not the cause of the separation; that the husband's relations with another woman, prior to the separation, and continued to this day, fully justified a separation on the wife's part; or, on the other hand, supports a finding that the husband abandoned the wife without cause. We forego any detailed discussion of the evidence. We do note, however, that the detailed allegations of fact in the original answer and cross-bill as a basis for the charge of abandonment by the wife were wholly at variance with the contention now made. The amendment of 1941 merely charged abandonment in general terms.

We find no error in denying to the husband a divorce dissolving the bonds of matrimony.

Quite clearly this holding did not terminate the wife's right to continued separate maintenance, but tended to strengthen her case in that regard. That the allowance is reasonable and proper in amount is not seriously questioned. We need not go into details on this point.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.