DEAN V. FUQUA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59942. Filed March 11, 1957.

*Eugene E. Gilmer, Esq.,* for the petitioner.
*Frederick T. Carney, Esq.,* for the respondent.

OPINION.

LEMIRE, *Judge:* This proceeding involves deficiencies in income taxes and section 291 (a) additions to the tax for the years and in the amounts as follows:

| Year | Deficiency | Section 291 (a) addition to tax |
| --- | --- | --- |
| 1949 | $60. 39 | $15. 10 |
| 1950 | 253. 49 | 63. 37 |
| 1951 | 298. 00 | 74. 50 |
| 1952 | 325. 00 | 81. 25 |

The sole issue presented is whether petitioner was legally separated from her husband during the taxable years involved within the meaning of section 22 (k) of the Internal Revenue Code of 1939.

The respondent concedes that the assessment and collection of the deficiencies for the years 1949, 1950, and 1951 are barred by the statute of limitations. Respondent also concedes that petitioner is not liable for the additions to the tax for any of the taxable years in question.

All of the facts are stipulated and are incorporated herein by this reference. They may be summarized as follows:

Petitioner is a resident of Jefferson County, Alabama. She filed an individual income tax return for each of the taxable years 1949 to 1952, inclusive, with the collector of internal revenue for the district of Alabama.

Petitioner married Arnold Fuqua on March 10, 1932.

On October 7, 1948, petitioner filed a bill of complaint in the Circuit Court for the Tenth Judicial Circuit of Alabama, In Equity, alleging, *inter alia,* that her husband on June 22, 1948, had voluntarily abandoned her without fault on her part and refused to live with her; that during her marriage he had committed adultery with various women; and that his conduct toward her was such as to create, and did create in her mind, reasonable apprehension of bodily harm. On March 3, 1949, petitioner amended her complaint enlarging upon the various acts of adultery and threats of physical violence and bodily harm.

The complainant prayed, among other things, that upon final hearing she be awarded permanent alimony for her support and the support of their minor children, and that she be awarded absolute custody of the two children and solicitors' fees.

On May 2, 1949, the Circuit Court for the Tenth Judicial District of Alabama entered a final "Decree of Separate Maintenance." The decree after reciting that the court having heard the testimony was of the opinion that the complainant was entitled to the relief prayed for, ordered, adjudged, and decreed that the care, custody, and control of the minor children be awarded the mother; that so long as the parties lived separate and apart, the husband be ordered to pay the complainant the sum of $300 per month beginning May 7, 1949, for the support and maintenance of herself and minor children; and, in addition to other relief, awarded solicitors' fees.

Pursuant to such decree, Arnold Fuqua has paid to petitioner the sum of $300 each month commencing with the month of May 1949 and continuing through the taxable year 1952.

At all times since the entry of such decree petitioner has continued to live in the same home formerly occupied by her, her husband, and children. Petitioner's husband moved to another house located on the same family property.

The issue is whether the periodic payments in question are includible in the income of petitioner under section 22 (k) of the Internal Revenue Code of 1939.

The petitioner contends that since the decree for separate maintenance here in question did not specifically provide that petitioner was entitled to live separate and apart from her husband they were not "legally separated" and the payments have the same character under section 22 (k) as payments made under orders arising through quasi-criminal actions for nonsupport and desertion. *Frank J. Kalchthaler*, 7 T. C. 625; *Charles L. Brown*, 7 T. C. 715.

It is well settled that periodic payments of separate maintenance includible in the income of the wife are such as are imposed upon the husband by virtue of a decree of separate maintenance which has the legal effect of sanctioning or legitimizing the living apart of husband and wife. Cf. *Smith* v. *Commissioner*, 168 F. 2d 446; *Robert L. Daine*, 9 T. C. 47, affd. 168 F. 2d 449; and *John B. Keleher*, 25 T. C. 1154.

The bill of complaint filed by the petitioner contains allegations sufficient to justify a decree of absolute or limited divorce. The fact that the complaint contained no prayer for such relief and that the decree did not so provide is not controlling, nor does the fact that the Alabama system of chancery practice which authorizes and empowers a court of equity to award maintenance to the wife without divorce, *Lyall* v. *Lyall*, 250 Ala. 635, 35 So. 2d 550, citing many

authorities, have any significance in construing the purposes and intent of sections 22 (k) and 23 (u) of the Code of 1939.

Under the Alabama authorities it is a condition precedent to a bill for separate maintenance that the wife be living separate and apart from her husband. *Brewer* v. *Brewer*, 259 Ala. 149, 66 So. 2d 450. The bill of complaint filed by the petitioner contained an allegation that she was living apart from her husband without fault on her part.

The Circuit Court after hearing the testimony entered a final decree of separate maintenance in favor of petitioner. The decree, after reciting that in the opinion of the court the complainant was entitled to the relief prayed for, "Ordered, Adjudged and Decreed," *inter alia*, "that so long as the parties hereto live separate and apart" the husband was to pay to petitioner the sum of $300 per month beginning with May 7, 1949. The decree thus recognizes that petitioner was living apart from her husband for justifiable cause, and it has the legal effect of sanctioning that status.

The decisions of this and other courts make it clear that the purpose of the enactment of sections 22 (k) and 23 (u) of the 1939 Code was to afford relief to a husband who was compelled to make periodic alimony or separate maintenance payments to his wife under a judicial decree. Cf. *Marjorie Hunt*, 22 T. C. 228, 233; and cases hereinabove referred to. In our opinion the payments here in question were of that character.

We therefore hold that the amount of $3,600 which petitioner received from her husband in the taxable year 1952, pursuant to the decree of separate maintenance here involved, is properly includible in her gross income under section 22 (k) of the Code of 1939. By reason of the concessions of the respondent, a recomputation is necessary.

*Decision will be entered under Rule 50.*