Robert BERMAN, Plaintiff,

v.

George D. PATTERSON, District Director of Internal Revenue Service for District of Alabama, Defendant.

Civ. A. No. 9226.

United States District Court
N. D. Alabama, S. D.
April 6, 1959.

Burr, McKamy, Moore & Thomas and Robert S. Weatherly, Jr., Birmingham, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., Birmingham, Ala., Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner, Anthony R. DeSanto, Attys., Dept. of Justice, Washington, D. C., for defendant.

LYNNE, Chief Judge.

On October 20, 1954, plaintiff assigned to his wife, Ethel Berman, five insurance policies on his life issued by New York Life Insurance Company.[1] As recited

1. As averred in paragraph 5(b), of the plaintiff's complaint, each policy was assigned in the following terms:

"In Consideration Of One Dollar to the undersigned in hand paid, the receipt whereof is hereby acknowledged, and for other good and valuable consideration, the undersigned does hereby assign and transfer all his right, title, and interest in and to the contract of insurance numbered ———— issued by New York Life Insurance Company upon the life of Robert Berman, and all dividends, benefits and advantages to be derived therefrom to Ethel Berman of Birmingham, Alabama.

"In the event Ethel Berman should predecease the undersigned insured, such interest shall pass to the children of the insured, namely, Fred Berman, Dorothy B. Shiland and Florence B. Robbins, jointly, each to have an undivided one-third interest in said policy together with the dividends, benefits and advantages to be derived from said policy.

"In the event that any above named child of the insured shall die prior to the insured and before Ethel Berman, leaving any descendant of him or her then living, the share of such deceased child in or to said policy shall pass to the descendant then living of such de-

in the order on pretrial hearing, the parties have stipulated that the value of the policies and the gift from plaintiff to his wife was in the adjusted amount of $16,713.76, and that this action was submitted for final judgment on the pleadings.

Plaintiff filed gift tax returns reporting such assignments and claiming the marital deduction authorized by Section 1004(a)(3)(A) of the Internal Revenue Code of 1939, 26 U.S.C. § 1004(a)(3)(A). The District Director of Internal Revenue disallowed the deduction on the ground that the assignments to the wife transferred to her a terminable interest within the meaning of Section 1004(a)(3)(B), Internal Revenue Code of 1939.[2]

ceased child in equal shares per stirpes.

"In the event that any above named child of the insured shall die prior to the insured and before Ethel Berman, leaving no descendant of him or her then living, the share of such deceased child in or to said policy shall pass to the surviving brothers or sisters of said deceased child or descendant of any deceased brother or sister in equal shares per stirpes."

2. Statute Involved
Internal Revenue Code of 1939:

"§ 1004 [As amended by Sec. 455, Revenue Act of 1942, c. 619, 56 Stat. 798]. Deductions.

"In computing net gifts for the calendar year 1942 and preceding calendar years, there shall be allowed (except as otherwise provided in paragraph (1) of subsection (a)) such deductions as are provided for under the gift tax laws applicable to the years in which the gifts were made.

"In computing net gifts for the calendar year 1943 and subsequent calendar years, there shall be allowed as deductions:

"(a) *Residents.* In the case of a citizen or resident—

\*   \*   \*   \*   \*

"(3) [As amended by Sec. 372, Revenue Act of 1948, c. 168, 62 Stat. 110] *Gift to Spouse.*

"(A) *In general.* Where the donor transfers during the calendar year (and after the date of the enactment of the Revenue Act of 1948) by gift an interest in property to a donee who at the time of the gift is the donor's spouse— an amount with respect to such interest equal to one-half of its value.

"(B) *Life estate or other terminable interest.* Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest transferred to the spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

"(i) if the donor retains in himself, or transfers or has transferred (for less than an adequate and full consideration in money or money's worth) to any person other than such donee spouse (or the estate of such spouse), an interest in such property, and if by reason of such retention or transfer the donor (or his heirs or assigns) or such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest transferred to the donee spouse; or

"(ii) if the donor immediately after the transfer to the donee spouse has a power to appoint an interest in such property which he can exercise (either alone or in conjunction with any person) in such manner that the appointee may possess or enjoy any part of such property after such termination or failure of the interest transferred to the donee spouse. For the purposes of this clause the donor shall be considered as having immediately after the transfer to the donee spouse such power to appoint even though such power cannot be exercised until after the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur.

"An exercise or release at any time by the donor, either alone or in conjunction with any person, of a power to appoint an interest in property, even though not otherwise a transfer, shall, for the purposes of clause (i) of this subparagraph, be considered as a transfer by him. Except as provided in subparagraph (E), where at the time of the transfer it is impossible to ascertain the particular person or persons who may receive from the donor an interest in property so transferred by him, such interest shall, for the purposes of clause (i) of this subparagraph, be considered as transferred to a person other than the donee spouse. \*  \*  \*"
(26 U.S.C. 1952 ed., Sec. 1004)

In an effort to achieve geographical equality in federal taxation, the Congress, avowing an intention to remove inequities resulting from differences between property rights in community and non-community property states, added Section 1004(a)(3) [gift tax] and Section 812(e) [estate tax] to the Internal Revenue Code of 1939, by Sections 372 and 361, respectively, of the Revenue Act of 1948. 62 Stat. 110.

That these cognate statutes must be construed in *pari materia* would appear to be self-evident. And the legislative history makes it abundantly clear that this must be so.[3]

The parties are in agreement that the local law of Alabama is controlling with reference to the legal interests and rights created by the assignments in question, while the federal revenue laws control the tax consequences of the interests or rights so created.

The real issue between the parties emerges in small compass. Plaintiff, confidently relying upon the Alabama cases of Flinn v. Davis, 18 Ala. 132; McRee's Adm'rs v. Means, 34 Ala. 349; Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157, and Park v. Powledge, 198 Ala. 172, 73 So. 483, L.R.A.1917C, 1001, contends that the gifts to his wife by such assignments were absolute in nature and not terminable, and that the purported gifts over to his children were void for repugnancy.

With equal assurance, citing Hamilton v. Hamilton, 255 Ala. 284, 51 So.2d 13, defendant insists that the law of Alabama accords validity to the gifts over to the children and that, therefore, the interest received by the wife is terminable within the meaning of the statute, irrespective of whether the interest received by her is vested subject to divestment or not vested at all and irrespective of the nomenclature used to describe the various interests passing by the assignment.

Of the opinion that the defendant is right and the plaintiff wrong, the court is convinced that in Hamilton the Su-

3. For example, in S.Rep. No. 1013, Part 2, at page 29, the Committee made the following statement: "This section adds a new paragraph (3) to section 1004 (a) of the code [sic] so as to provide a marital deduction in computing net gifts of citizens and residents of the United States. This gift tax marital deduction corresponds to the estate tax marital deduction provided under section 812(e) of the code [sic], as added by section 361 of the bill. The provisions of section 1004(a) (3) are intended to be construed in the same manner as the corresponding estate tax provisions."

Adverting to S.Rep. No. 1013, Part 2, at page 7, the Committee reported the type of interest contemplated as terminable under Section 812(e) as follows: "Subparagraph (B) of section 812(e) (1) disallows the marital deduction with respect to certain terminable interests. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, the interest passing to the surviving spouse will terminate or fail, the marital deduction will be disallowed under such subparagraph (B) if the conditions of clauses (i) and (ii), or of clause (iii) of such subparagraph are met. It is not necessary under such subparagraph (B) that the contingency or event must occur or fail to occur in order to make the interest terminable. Thus a terminable interest under such subparagraph includes an interest bequeathed to the surviving spouse as long as she resides in Washington, D.C. On the other hand, it includes interests which will in all events terminate, such as an estate for the life of the surviving spouse.

"Subparagraph (B) is intended to be all-encompassing with respect to various kinds of contingencies and conditions. Thus, it is immaterial whether the interest passing to the surviving spouse is considered as a vested interest subject to divestment or as a contingent interest. Subparagraph (B) applies whether the terms of the instrument or the theory of their application are conceived as creating a future interest which may fail to ripen or vest or as creating a present interest which may terminate. The occurrence of a contingency includes the ending of a condition. Thus, an interest given to the surviving spouse as long as she remains unmarried is a terminable interest."

preme Court of Alabama all but set this matter at rest. Holding there that a policy of life insurance may be transferred by a qualified or conditioned assignment; that in the assignment therein considered it was clear that it was not the intention of the parties that if the wife predeceased the husband, those entitled to her property would be entitled to the proceeds of the policies upon the death of the husband, and that it is not against public policy to make an assignment on condition that the insurance shall revert to the assignor if he survives the assignee, the court stopped short only of deciding that the possibility of reverter to the assignor could be effectively assigned, since this question was not in issue.

Since the terms of the assignments here under consideration neither expressly nor impliedly gave to the wife the absolute power of disposition of the policies during her lifetime, it is concluded that the mere possibility of reverter to the husband in the event his wife predeceased him, which was coupled with a present interest in the policies, was capable of being assigned to his children. 6 C.J.S. Assignments § 12a, p. 1056. Thompson's Ex'x v. Thompson, 190 Ky. 3, 226 S.W. 350. Since, under the law of Alabama, the interest of the wife will terminate should she predecease the plaintiff; since an interest passed to the children from the plaintiff, and since by virtue of such interest, at the time the gifts were made, the children possessed the possibility of enjoying the property, the gifts fall within the terminable interest provision of the statute and do not qualify for the marital deduction. Cf. Pipe's Estate v. Commissioner, 2 Cir., 241 F.2d 210, certiorari denied 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed. 2d 31; Commissioner of Internal Revenue v. Ellis' Estate, 3 Cir., 252 F.2d 109.

Judgment will accordingly be entered for the defendant.