**Arnold FUQUA, Plaintiff,**

v.

**George D. PATTERSON, Jr., District Director of Internal Revenue, Defendant.**

**Civ. A. No. 9631.**

United States District Court
N. D. Alabama, S. D.

April 18, 1961.

———◆———

Gordon & Cleveland, Birmingham, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., Charles K. Rice, Asst. Atty. Gen., James P. Garland, Myron C. Baum, and William A. Miner, Attys., Dept. of Justice, Washington, D. C., for defendant.

LYNNE, Chief Judge.

Plaintiff and Ella Dean Fuqua were married on March 10, 1932, and had two children by such marriage. In 1948, plaintiff voluntarily abandoned his wife and home. On October 7, 1948, his wife filed a complaint in the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity, No. 76736, wherein it was prayed, in part, that "upon final hearing of this cause, she be awarded permanent alimony for her support and the support of the minor children of the parties". On May 2, 1949, a decree of separate maintenance was issued by the court.[1] Pur-

1. "Ella Dean Fuqua, Complainant vs. Louis Arnold Fuqua, Respondent

*"Decree of Separate Maintenance*
"This cause coming on to be heard

suant to that decree, the taxpayer paid to his wife the sum of $300 per month during the years 1955, 1956 and 1957, which he claimed as a deduction on his income tax returns for each of these years. Plaintiff took no deduction for support payments to his wife on his income tax return for the year 1958, but subsequently filed a claim for refund on which he claimed $3,100 in payments for that year.

Upon an audit of plaintiff's returns for the years in question, the claimed support payments were disallowed as not having been made pursuant to a legal separation. The deficiencies thus determined were paid and timely claims for refund filed. These claims were rejected on April 14, 1960, and this suit was timely filed.

The issue of whether or not the support payments were made pursuant to a decree of legal separation was the subject of a suit for refund by this plaintiff for the year 1949, being Civil Action No. 7641 in this court. That case was settled administratively and was terminated by a stipulation for dismissal with prejudice and a judgment of dismissal entered by this court.

Two questions are thus presented: (1) Whether plaintiff was legally separated from his wife and is, therefore, entitled to deduct monthly payments made to her pursuant to a decree of separate maintenance, under Sections 71(a) (1) and 215 (a)[2] of the Internal Revenue Code of

was submitted for final decree upon Complainant's original bill of complaint as last amended, the answer of respondent, and the oral testimony of witnesses heard in open court together with the introduction of documentary evidence as noted. The Court having heard the testimony in open court and having considered the documentary evidence introduced in the trial of said cause, it is of the opinion that the complainant is entitled to the relief prayed for and, it is, therefore,

"Ordered, Adjudged, And Decreed by the Court as follows:

"(1.) That the care, custody and control of the minor children of complainant and respondent, viz.: Floanell Fuqua and Mary Ann Fuqua, be and the same is hereby awarded to the mother, Ella Dean Fuqua, the complainant in this cause, with the right and privilege on the part of respondent to visit said children at their home at reasonable times.

"(2.) That so long as the parties hereto live separate and apart, the respondent is ordered to pay the complainant the sum of Three Hundred Dollars ($300.00) per month beginning May 7, 1949, for the support and maintenance of herself and minor children. In addition thereto, the complainant and minor children are to have the use of the residence in which they are now residing rent-free, together with the use of all house-hold goods pertaining to the former home of the parties hereto.

"(3.) That the complainant herein shall continue to be allowed, without compensation, the use and benefit of the 1949 Fore automobile which is now in her pos-

session for the use and benefit of herself and minor children.

"(4) That respondent herein shall continue to furnish to complainant and the minor children of complainant and respondent the sum of three quarts of milk daily.

"(5) That respondent shall pay for the use of her solicitors of record, Gibson & Hewitt, the sum of Five Hundred Dollars ($500) as solicitors fees for representing complainant in this the final hearing of this cause, they having already been paid the sum of Seven Hundred Fifty Dollars ($750) as solicitors fees pendente lite.

"Court costs accrued herein are hereby taxed against the respondent for which let execution issue.

"Done and Ordered this the 2nd day of May, 1949.

"Geo. Lewis Bailes
"Circuit Judge, in Equity Sitting."

2. Internal Revenue Code of 1954:

"§ 71. Alimony and separate maintenance payments.

"(a) *General rule.*—

"(1) *Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband un-

1954. (2) Whether the Director is estopped to disallow the deductions by reason of the earlier case involving the same issue, which was settled administratively.

 Examining these issues in the inverse order of their statement, it seems too clear to require the citation of authorities that plaintiff's reliance upon the judgment of dismissal entered in Civil Action 7641, wherein he asserted a claim for refund of taxes paid for the year 1949 as *res judicata* of his claims for recovery of taxes for the years 1955 through 1958 is misplaced. It is axiomatic in tax law that there is a separate cause of action for each tax year.

 Plaintiff fares no better when he invokes the doctrine of collateral estoppel or estoppel by judgment, because the order of dismissal in the former suit was based upon a stipulation of the parties and not upon the merits of the case. The order of dismissal recited that "a settlement has been effected" but is silent as to the terms or basis of the settlement. It was not an adjudication on the merits but was merely a *pro forma* acceptance by this court of an agreement between the parties to settle their controversy for reasons undisclosed. United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182.

That the issue relating to the deductibility of monthly payments made by plaintiff to his wife pursuant to the decree of separate maintenance is more troublesome, is evidenced by the treatment it has received in the Tax Court.

In Dean v. Fuqua, 1957, 27 T.C. 909, the Tax Court held that payments made under the identical decree involved herein were includable in the gross income of the wife under Section 22(k), Internal Revenue Code of 1939, 26 U.S.C. § 22(k). The reasoning of the Court was that

since such decree recognized that the wife was living apart from her husband for justifiable cause, it had the legal effect of sanctioning that status and was the equivalent of a legal separation.

In the later case of Boettiger v. Commissioner, 1958, 31 T.C. 477, dealing with a New Jersey decree for separate maintenance, the Tax Court reversed its position in this fashion:

"In Dean v. Fuqua, 27 T.C. 909 (1957), we found the required 'legal separation,' even though a mere de facto separation existed, on the reasoning that the decree indicated findings that could have justified an absolute or limited divorce. We have again carefully considered this concept and now decide that the mere fact that a separate maintenance decree recognizes an existing de facto separation is in no way determinative of whether there is the actual 'legal separation' required by section 22(k). The added factor that a decree indicates facts that could support a decree for absolute or limited divorce is meaningless, when no such decree was in fact made or entered. Dean v. Fuqua, supra, is accordingly overruled."

 The question as to whether the decree of separate maintenance involved herein effected a legal separation of the parties thereto necessarily is to be determined by the local law of Alabama. Berman v. Patterson, D.C., 171 F.Supp. 800, and Carlson v. Patterson, D.C., 190 F.Supp. 452. By statute, Circuit Courts in Equity are invested with jurisdiction to grant a divorce *a vinculo*, Code of Alabama (1958), Title 34, Section 20, and a divorce *a mensa et thoro*, Code of Alabama (1958), Title 34, Section 38. In addition, it is well established by the decisions of the Supreme Court of Alabama

---

der the decree or under a written instrument incident to such divorce or separation. * * *"
 26 U.S.C. 1958 ed., § 71.
 "§ 215. Alimony, etc., payments.
 "(a) *General rule.*—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross in-

come of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment, if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income."
 26 U.S.C. 1958 ed., § 215.

that a court of equity has jurisdiction to make an allowance for separate maintenance without a divorce either sought or granted. Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97; Kelley v. Kelley, 244 Ala. 465, 14 So.2d 371; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550.

■ The Alabama court has held that the equity court may decree separate maintenance for the wife under the general prayer of a bill of complaint wherein the express prayer is for an absolute or limited divorce. Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645. This is qualified by the rule that the court may award separate maintenance only when it is shown that the husband and wife are living separate and apart at the time the bill was filed. Brewer v. Brewer, 259 Ala. 149, 66 So.2d 450.

In Fuqua v. Fuqua, 268 Ala. 127, 104 So.2d 925, 926, the Supreme Court of Alabama dealt with the decree with which this court is presently concerned on an appeal from a decree of the Circuit Court of Jefferson County overruling a demurrer to a bill by the husband (plaintiff herein) praying for a divorce *a vinculo* from his wife under the provisions of Code of Alabama (1958), Title 34, Section 22(1).[3] In the course of the opinion the following appears: "The bill alleges that this respondent previously had filed a bill in equity against the complainant, which terminated in a decree from bed and board * * *."

Actually the pertinent averments of the original bill of complaint, an exhibit in this case, are as follows:
"5. That on, to-wit, the 2nd day of May, 1949, this Honorable Court,

in a cause then pending in this Court, entitled Ella Dean Fuqua, Complainant vs. Louis Arnold Fuqua, respondent, being case number 76736 on the docket of the court, entered a final decree of divorce from bed and board, or of separate maintenance, in behalf of the respondent hereto and against your complainant. That a full true and correct copy of said decree is attached hereto marked 'Exhibit A' and by reference thereto is made a part hereof the same as if here set out in full."

Because of the alternative provisions of the Alabama statute relied on, it was immaterial whether such decree was properly characterized as one of divorce from bed and board, or of separate maintenance. The precise holding of the court was that this statute, creating a new ground for divorce, was constitutional even though it had retroactive application.

Far more persuasive. is the opinion of the court in Caine v. Caine, 262 Ala. 454, 79 So.2d 546, 548, wherein the court observed:

"The showing made by the evidence is such as neither party is entitled to a divorce from the bonds of matrimony or from bed and board. Therefore, the allowance to the wife *without a legal separation* can only be based on the power of the court to provide maintenance." (Emphasis supplied.)

Virtually dispositive of the critical issue herein is Darden v. Darden, 246 Ala.

---

3. Code of Alabama (1958).
 Title 34. Marital Relations.
 "§ 22(1). *After decree of divorce from bed and board or of separate maintenance in effect for more than four years.*—The circuit court in equity shall have the power to divorce persons from the bonds of matrimony in favor of either party where there has been a final decree of divorce from bed and board, or of separate maintenance, when such decree has been in force and effect for

more than four years. The fact that the party against whom such action is brought may also have some ground for divorce shall not constitute any defense to any proceeding under this section. (1957, p. 532, appvd. Sept. 4, 1957.)
 "Note.—Section 2 of the act from which this section was codified provides that 'the provisions of the act shall be retroactive in its operation in all cases.'"

525, 21 So.2d 549. The court there held that,

"The relation of the parties after such a decree of divorcement [a mensa et thoro] has been fully declared in our decisions and need not be here repeated, except to observe that it is *a legal separation.* * * *

"Such decree does not remove the *vinculum* of marriage. * * * Nor does it affect the underlying marital status, merely authorizing a living separate and apart but terminable at the will of the parties."

Thereupon, to differentiate the status of the parties under a decree of divorce from bed and board, on the one hand, and a decree for separate maintenance, on the other, the Alabama court cited with approval the following from Williams v. Williams, 33 Ariz. 367, 265 P. 87, 89, 61 A.L.R. 1264:

"The action for separate maintenance and the action for divorce *a mensa et thoro* are not the same. The former has for its object the compelling of a husband, who has willfully deserted or abandoned his wife or who has committed acts that

would give cause for an action for an absolute divorce, to provide a support for his wife and children, if any. It more directly involves the property rights. The judgment does not expressly authorize the wife to live separate and apart from the husband. That is probably what happens, but if so it is not under the sanction of a court decree, whereas under a decree of separation from bed and board the refusal of the wife to cohabit with the husband is so sanctioned and authorized."

From the original record in Darden v. Darden, supra, this court has obtained and reproduced in the margin the original decree[4] about which the Supreme Court was writing. The differences between the provisions of that decree and the one here under consideration are graphic and point the way to decision.

■ Of the opinion that the May 2, 1949, decree of separate maintenance did not effect a legal separation within the meaning of Sections 71(a) (1) and 215 of the 1954 Code so as to allow plaintiff to deduct the payments from his income, the court will enter judgment for the defendant.

4. "Noilie May Darden, Complainant vs. Clifford E. Darden, Respondent—Circuit Court Tenth Judicial Circuit of Alabama in Equity

"No. 43976

"This cause coming on to be heard is submitted for final decree upon the bill of complaint and the agreement of the parties filed in this cause, as noted by the Register. Upon consideration thereof it is Ordered, Adjudged And Decreed by the court as follows:

"1: That the complainant Noilie May Darden be, and she is hereby authorized to live separate and apart from her husband Clifford E. Darden, for and on account of voluntary abandonment of the wife by the husband, as alleged in the Bill of Complaint.

"Upon consideration of the written agreement entered into by and between the complainant and respondent, it is further ordered that said agreement is hereby in all things ratified and confirmed and approved in compliance with the aforesaid agreement. It is therefore Ordered, Adjudged And Decreed by the court that:

"A: The respondent pay to the complainant the sum of Sixty ($60.00) Dollars per month as separate maintenance and support; said payments shall begin as of the 29th day of September, 1937 and due and payable in sums of $30.-00 each on the 15th and 29th days of each and every month thereafter.

"B: That the respondent pay to the Solicitors of Record for complainant as solicitors fee for representing her in this cause, the sum of One Hundred ($100.00) Dollars, said sum to be paid in four equal and consecutive semi-monthly payments beginning as of September 29, 1937.

"C: That the transfer and delivery of the furniture, furnishings and household effects of the parties be effected in strict compliance with the aforesaid agreement.

"2: The court costs accrued in this cause are hereby taxed against the respondent for the collection of which let execution issue.

"Done and ordered this the 13th day of October, 1937.

"E. M. Creel.

"Circuit Judge in Equity Sitting."

It remains to be said that the Congress evidently recognized the apparent inequity inherent in the situation with which this court has dealt by adding Section 71(a) (3)[5] to the Internal Revenue Code of 1954. Since the instant decree was entered prior to March 1, 1954, plaintiff may not, and does not purport to, claim any benefit thereunder.

5. Internal Revenue Code of 1954:
 "§ 71. Alimony and separate maintenance payments.
 "(a) *General rule.*—
 \* \* \* \* \*
 "(3) Decree for support.—If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly."
 26 U.S.C. 1958 ed. § 71.