129 N.J. Super. 28 (1974)
322 A.2d 184
LEWIS WEINKRANTZ, PLAINTIFF-APPELLANT,
v.
HELEN WEINKRANTZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 1974.
Decided June 10, 1974.
*29 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Monroe Ackerman argued the cause for appellant (Messrs. Rudd & Ackerman, attorneys).
Mr. Michael R. Fink argued the cause for respondent (Messrs. Hannoch, Weisman, Stern & Besser, attorneys).
*30 The opinion of the court was delivered by MICHELS, J.A.D.
Plaintiff appeals from an order of the Chancery Division directing that he (1) reimburse his wife (defendant) the sum of $1,884.74, which was withheld from her paycheck for income taxes for the year 1972; (2) file a joint federal income tax return with his wife for the year 1972, and (3) hold his wife harmless for all damages, including penalties, interest and additional income taxes which may be imposed by Internal Revenue Service as a result of the filing of a joint return or filing of a separate tax return by plaintiff for the year 1972.
A judgment for separate maintenance was entered by the Chancery Division in favor of defendant on March 11, 1969. Plaintiff had admitted that he had abandoned his wife, and the trial judges found that he had abandoned her without justifiable cause, and that he had separated from her, refusing and neglecting to maintain and provide for her and the two children born of the marriage. Thereafter, defendant moved for an increase in support and maintenance for herself and the two infant children, which was denied by order dated October 17, 1969. However, the Chancery Division provided by that order that the parties file a joint federal income tax return for each calendar year or fiscal year thereafter, "so long as they may do so in accordance with the prevailing law." The order further provided that the husband "shall be responsible and shall pay all federal income taxes, including federal income surtaxes, due on the plaintiff's [wife's] earnings as a result of filing such joint return, including any taxes which plaintiff may owe as a result of support and maintenance payments received by her from the defendant [husband]." Plaintiff refused to file a joint return for the year 1972, and defendant thereupon obtained the order of July 2, 1973 from which this appeal was taken.
Prior to the filing of the notice of appeal plaintiff moved before the Chancery Division for an order staying the order of July 2, 1973, and defendant subsequently moved for an order adjudging plaintiff in contempt for failing to comply *31 with the terms of said order. The trial judge denied the stay and ordered plaintiff to comply with the terms of said order by paying to defendant the sum of $1,884.74, and by filing a joint income tax return with her for the year 1972 no later than August 20, 1973 or be adjudged in contempt of court. Plaintiff applied to this court for a stay of said orders pending the determination of this appeal. We ordered that plaintiff, within ten days of August 20, 1973 reimburse defendant for the taxes withheld from her paycheck for the year 1972 in the amount of $1,884.74. The remaining portions of the order of August 27, 1973 and that portion of the order of July 2, 1973 requiring plaintiff to forthwith take such steps as are necessary to file a joint tax return with defendant for the year 1972 were stayed pending the outcome of this appeal.
Plaintiff contends in this appeal that the trial court erred in ordering him to file a joint income tax return, arguing that since he and defendant are separated and since a judgment of separate maintenance has been entered by the court that he cannot file a joint income tax return.
Section 6013 (a) of the Internal Revenue Code of 1954, 26 U.S.C.A., provides that a husband and wife may make a single return jointly of income taxes under subtitle A of the Internal Revenue Code even though one of the spouses has neither gross income nor deductions, except in those instances enumerated therein which are not applicable here. In order to qualify for the filing of a joint return under § 6013, the status as husband and wife of two individuals having taxable years beginning on the same date is determined as of the close of such year. Section 6013(d)(2) of the Internal Revenue Code provides:
For purposes of this section 

* * * * * * * *
(2) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married;
The language of section 6013(d)(2) is clear. An individual who is legally separated from his spouse under a *32 decree of separate maintenance is not considered married for the purpose of filing a joint tax return, and consequently may not file such a return. See 2 Fed. Tax. Reg. § 1.6013-4(a) (2) (1974). Cf. Lawatch v. Lawatch, 161 Cal. App.2d 780, 327 P.2d 603, 608 (D. Ct. App. 1958); Marriner S. Eccles, 19 T.C. 1049, 1051 (1953), aff'd per curiam sub nom. Commissioner of Internal Revenue v. Eccles, 208 F.2d 796 (4 Cir.1953). See also Skoloff, New Jersey Family Law Practice (2d ed. 1973) at 256. Whether plaintiff was "legally separated" from defendant "under a decree * * * of separate maintenance" depends upon the nature and legal effect of a judgment for separate maintenance in this State. Separate maintenance in New Jersey is of statutory origin. Lavino v. Lavino, 23 N.J. 635, 639 (1957). N.J.S.A. 2A:34-24 provides:
If a husband, without justifiable cause, shall abandon his wife or separate himself from her and refuse or neglect to maintain and provide for her, the court may order suitable support and maintenance to be paid and provided by the husband for the wife and her children, or any of them, by their marriage, or to be made out of his property and for such time as the nature of the case and circumstances of the parties render suitable and proper. The court may compel the defendant to give reasonable security for such maintenance and allowance and may, from time to time, make further orders touching the same as shall be just and equitable and enforce such judgment and orders in the manner provided in section 2A:34-23 of this title. During the time such maintenance shall be allowed, the husband shall not be chargeable with the debts of the wife.
When a husband abandons his wife without justifiable cause, or separates himself from her and refuses or neglects to maintain and provide for her, a judgment of separate maintenance may be entered under N.J.S.A. 2A:34-24. The legal effect of such a judgment is aptly discussed by our Supreme Court in Lavino v. Lavino, supra:
The legal effect of a decree of separate maintenance is much the same as that of a limited divorce because in neither is the marital bond dissolved. Historically, the limited divorce stems from the English ecclesiastical courts where it was termed divorce a mensa *33 et thoro. See Bishop on Marriage and Divorce (3d ed. 1859), sec. 676 et seq. Separate maintenance, on the other hand, is of statutory origin. The primary purpose in obtaining a limited divorce is to nullify the marital obligations of cohabitation; the primary object of separate maintenance is to enforce the husband's duty of support. 1 Nelson on Divorce and Annulment (2d ed. 1945), sec. 1.08, p. 19. The statutory philosophy of separate maintenance is to favor a resumption of cohabitation. Walsh v. Walsh, 88 N.J. Eq. 368 (E. & A. 1917); Rhodes v. Rhodes, 92 N.J. Eq. 252 (E. & A. 1920); cf. 10 N.J. Practice, Herr, "Marriage, Divorce and Separation," sec. 346 (1950). Limited divorce forbids it. 11 Id., sec. 662.
This is a distinction of consequence. The marital bond, though not dissolved, is considerably more disrupted by limited divorce than by a decree of separate maintenance. [23 N.J. at 639-640]
A judgment for separate maintenance entered pursuant to N.J.S.A. 2A:34-24, such as the judgment of separate maintenance dated March 11, 1969 here under consideration, goes no further than to adjudge that the husband without justification abandons and separates himself from his wife and refuses and neglects to maintain her. Such a judgment is actually just a money judgment determining the financial extent of the husband's duty to support his wife and children, if any. See 10 N.J. Practice (Herr, Marriage, Divorce and Separation (3d ed. 1963), § 525 at 446-447. While a judgment for separate maintenance recognizes the existing de facto separation of the husband and wife, it does not order or provide for such separation, and it does not sanction or authorize it. A judgment of divorce from bed and board (limited divorce) obtained pursuant to N.J.S.A. 2A:34-3 is significantly different from a judgment for separate maintenance in this respect. A judgment of divorce from bed and board decrees a judicial separation (Rudin v. Rudin, 104 N.J. Eq. 524, 526 (Ch. 1929); Mueller v. Mueller, 95 N.J. Super. 244, 247 (App. Div. 1967)), as does a judgment of divorce (absolute divorce) obtained pursuant to N.J.S.A. 2A:34-2.
Thus, in view of the nature and legal effect of a judgment for separate maintenance in this State, we hold that plaintiff and defendant were not legally separated under *34 a decree of separate maintenance within the intendment of § 6013(d)(2) of the Internal Revenue Code of 1954, and that they could therefore file a joint income tax return for the year 1972.
While there does not appear to be any case directly in point in New Jersey, the Tax Court of the United States held in Russell W. Boettiger, 31 T.C. 477 (1958), that a New Jersey decree for separate maintenance did not give rise to the "legal separation" required by § 22(k) of the 1939 Internal Revenue Code. (Similar provisions are now contained in § 71 of the Internal Revenue Code of 1954.) The Tax Court changed its position as to the nature of the separation created by this type of decree, and overruled its prior decision in Dean V. Fuqua, 27 T.C. 909 (1957), wherein it had held that a decree of separate maintenance under Alabama law was the equivalent of a legal separation and, therefore, that the payments made to the wife thereunder were includible in her gross income under § 22(k) of the 1939 Code, stating:
In John B. Keleher, 25 T.C. 1154, 1158 (1956), where the question of the meaning of the statutory term "legal separation" was also raised, we stated: In order that periodic payments of separate maintenance be includible in the income of a wife and deductible from that of the husband, they must be imposed upon the husband by virtue of a decree of separate maintenance which has the legal effect of sanctioning or legitimizing the living apart of a husband and wife. [Emphasis supplied.] Frank J. Kalchthaler, 7 T.C. 625 (1946); Charles L. Brown, 7 T.C. 715 (1946). * * *
The term "sanctioning or legitimizing" indicates that a court decree, in order to be construed as one that effectuates a "legal separation," must expressly and affirmatively provide that the parties live apart in the future, and thereby alter the original and normal marital relationship.
In Dean V. Fuqua, 27 T.C. 909 (1957), we found the required "legal separation," even though a mere de facto separation existed, on the reasoning that the decree indicated findings that could have justified an absolute or limited divorce. We have again carefully considered this concept and now decide that the mere fact that a separate maintenance decree recognizes an existing de facto separation is in no way determinative of whether there is the actual "legal separation" required by section 22(k). The added factor that a decree *35 indicates facts that could support a decree for absolute or limited divorce is meaningless, when no such decree was in fact made or entered. Dean V. Fuqua, supra, is accordingly overruled. [at 483]
In Fuqua v. Patterson, 193 F. Supp. 313 (N.D. Ala. 1961), aff'd per curiam 295 F.2d 509 (5 Cir.1961), the court held that the decree of separate maintenance referred to in the Tax Court decision of Dean V. Fuqua, supra, did not effect a legal separation within the meaning of § 71(a) of the 1954 Code, which provided, in part, "If a wife is divorced or legally separated from her husband under a decree of divorce or separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which * * * is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation * * *." In Alabama, as in New Jersey, the court is vested by statute with jurisdiction to grant an absolute divorce and a divorce from bed and board. In addition, by judicial decisions, the equity courts of Alabama have the power to decree separate maintenance without a divorce being sought or granted. The court noted in the Fuqua case that under Alabama law a decree of divorce from bed and board resulted in a legal separation of the parties which was not the case under a decree of separate maintenance, stating:
* * * [T]o differentiate the status of the parties under a decree of divorce from bed and board, on the one hand, and a decree for separate maintenance, on the other, the Alabama court cited with approval the following from Williams v. Williams, 33 Ariz. 367, 265 P. 87, 89, 61 A.L.R. 1264:
The action for separate maintenance and the action for divorce a mensa et thoro are not the same. The former has for its object the compelling of a husband, who has willfully deserted or abandoned his wife or who has committed acts that would give cause for an action for an absolute divorce, to provide a support for his wife and children, if any. It more directly involves the property rights. The judgment does not expressly authorize the wife to live separate and apart from the husband. That is probably what happens, but if so it is not under the sanction of a court decree, whereas under a decree *36 of separation from bed and board the refusal of the wife to cohabit with the husband is so sanctioned and authorized. [193 F. Supp. at 317]
A similar construction was placed on a "support and maintenance" order issued under a Pennsylvania statute which provided a method by which a wife who had been wrongfully deserted by her husband and deprived of support by his neglect could seek judicial assistance for her support and that of her children. In C.I.R. v. Rankin, 270 F.2d 160 (3 Cir.1959), the court held that a husband who had made payments to his wife under such a support order was not entitled to exclude such payments from his gross income under § 23(u) of the Internal Revenue Code of 1939 which authorized a husband described in § 22(k) of the 1939 Code to deduct payments made to "a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance." See also Rev. Rul. 58-321.
Accordingly, we hold that the Chancery Division did not err when it ordered the parties to file a joint Federal income tax return for each calendar or fiscal year after October 17, 1969 "so long as they may do so in accordance with the prevailing law," and that it did not err when it entered the order of July 2, 1973 in aid of defendant's rights, compelling plaintiff to "forthwith take such steps as are necessary to file a joint tax return with defendant for the year 1972." We therefore affirm the order of July 2, 1973 in all respects, and vacate our stay of those portions of the orders of July 2, 1973 and August 27, 1973, requiring plaintiff to forthwith take such steps as are necessary to file a joint tax return with defendant for the year 1972. We modify, however, the order of August 27, 1973 to the extent that the time within which plaintiff shall file with defendant a joint federal income tax return for 1972 is extended 60 days from the date of this decision.