ANTHONY R. CRISCUOLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Criscuolo v. Commissioner
Docket No. 9921-76.
United States Tax Court
T.C. Memo 1978-349; 1978 Tax Ct. Memo LEXIS 164; 37 T.C.M. (CCH) 1449; T.C.M. (RIA) 78349; September 5, 1978, Filed *164 Held, Under New Jersey law a consent order (enjoining occupancy of home by petitioner) issued pendentelite accompanied by order to support affects the marital relationship for a limited time only and hence petitioner is not entitled to file return as head of household but rather must file his return as a married individual filing a separate return. Anthony R. Criscuolo, pro se. George W. Reynolds, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1974 in the amount of $ 3,102.15. The sole issue for decision is whether petitioner is entitled to head-of-household filing status for the year in issue. This case was submitted under Rule 122, hence all of the facts have been stipulated and are so found. Petitioner, Anthony R. Criscuolo, resided in East Brunswick, New Jersey at the time of filing the petition herein. He timely filed a Federal income tax return for the 1974 taxable year. During the 1974 calendar year petitioner was married to Joan Criscuolo. On or about October 29, 1974 Joan Criscuolo filed an Order to Show Cause with the Superior Court of New Jersey, Chancery *165 Division, Middlesex County, seeking to enjoin petitioner from possession and occupancy of the marital home and to compel petitioner to support his wife and maintain said home pendentelite. The grounds for the order were the petitioner's alleged assault and battery on his wife. On November 7, 1974 the Superior Court of New Jersey Chancery Division, Middlesex County, entered a consent order providing, in pertinent part, as follows: * * * It is thereupon on this 7th day of November, 1974, Ordered pendente lite that until the further order of this Court, defendant shall be enjoined from occupancy of the marital home commonly known as 1484 Carlisle Road, North Brunswick, New Jersey. And it is further Ordered that, without prejudice to either party, defendant shall pay the plaintiff the sum of Seventy-five ($ 75.00) Dollars per week during the term of her occupancy of said home together with all medical and dental coverage and the home in all respects including utilities and telephone charges (up to Twenty-five ($ 25.00) Dollars per month). And it is further Ordered that plaintiff, except as provided herein and without prejudice to any order made by this Court shall not commit defendant's *166 credit for any other matter. During November and December of 1974 petitioner did not reside with his wife. On his 1974 Federal return petitioner indicated his filing status as married filing separately, but calculated and determined his tax liability utilizing the tax rates for head of household. Respondent, in his notice of deficiency dated September 23, 1976, determined that petitioner did not establish that he was unmarried on the last day of the tax year or that he lived apart from his spouse during the entire tax year. Accordingly respondent recomputed petitioner's tax liability using the tax rates applicable to married individuals filing separate returns. Section 1(a), (c), (d), I.R.C. 1954[1] provides the tax rates for married individuals filing joint returns, unmarried individuals and married individuals filing separate returns, respectively. Each of these subsections refers to "married individual (as defined in section 143)." Section 1(b) provides the tax rates for head of household as defined in section 2(b). Under section 2(b)(1) the initial requirement of being a head of household is that an individual is not married at the close of his taxable year. Section 2(b)(2)(B) *167 provides that for the purposes of section 2(a) and (b) a person "who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." This latter definition is in accord with the general rule of determining marital status under section 143(a)(2). [2] Herein the sole issue is whether on December 31, 1974 petitioner was "legally separated from his spouse under a decree of * * * separate maintenance." If our answer is in the affirmative petitioner may file as head of household, otherwise he must file his separate return as a married individual. It is now well established that whether an individual is "married" is, for the purposes of the tax laws, to be determined by the law of the state of the marital domicile. Dunn v. Commissioner,70 T.C. 361 (1978). Capodanno v. Commissioner,69 T.C. 638, 647 (1978); Deyoe v. Commissioner,66 T.C. 904, 913 (1976); *168 Eccles v. Commissioner,19 T.C. 1049, 1051 (1953), affd. per curiam 208 F.2d 796 (4th Cir. 1953). Petitioner recognizes this premise and, aware that the state of New Jersey does not provide for legal separations, argues that we should nonetheless overlook New Jersey law and permit him to file as head of household. We are sympathetic with petitioner's predicament, but his fears of New Jersey law are justified and we hold that he must be considered as "married" on December 31, 1974. The issue herein arises by reason of petitioner's spouse's refusal to file a joint return for the 1974 tax year. Accordingly petitioner, enjoined from occupancy of the marital home on November 7, 1974 and required to support his wife and son, believed that he would be committing perjury by filing his return as a married individual filing a separate return when, in his opinion, he was "head of household." We have previously found that the Superior Court order entitled "Consent Order (Enjoining Occupancy of Home by Defendant)", was issued pendentelite and included an order for support. Apparently the support order was issued under N.J.S.A. 2A:34-23. [3] *170 *171 Moreover the injunction was based upon the alleged assault *169 and battery committed by petitioner on his wife. The order's obvious intent was to provide a "cooling-off" period between the parties while providing temporary support for the wife.
New Jersey law does not specifically provide for legal separation between spouses. It does provide for a (1) "divorce from bed and board," a limited divorce, under N.J.S.A. 2A:34-3, and (2) a divorce under N.J.S.A. 2A:34-2. Under New Jersey law a judgment from bed and board decrees a judicial separation while a judgment of separate maintenance does not give rise to a "legal separation." Weinkrantz v. Weinkrantz,129 N.J. Super. 28, 322 A.2d 184 (Super. Ct. App. Div. 1974). Furthermore a decree of separate maintenance effects a "legal separation" only if it "expressly and affirmatively provides that the parties live apart in the future and thereby alters the original and normal marital relationship." [4]Boettiger v. Commissioner,31 T.C. 477, 483 (1958); Capodanno v. Commissioner,supra at 647. Herein, the court order enjoined the husband from occupying the marital abode. However by its own nature, pendentelite, the order did not permanently *172 alter or nullify the marital relationship existing under the law of New Jersey. As we view it, the decree was an authoritative attempt by the court to prevent any alleged subsequent assault and battery by petitioner upon his wife, and was temporary in nature. The husband was required to provide support for his wife during this period, pending any matrimonial action brought by the wife or until their reconciliation.Cf. Kellner v. Commissioner,468 F.2d 627 (2d Cir. 1972), affg. per curiam a Memorandum Opinion of this Court. Consequently, we hold petitioner was "married" on December 31, 1974. To allow petitioner's tax liability to be redetermined under sections 1301-1305, income averaging, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. SEC. 143(a) General Rule.--For purposes of part V-- (2) An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married.↩
3. 2A:34-23. Alimony; maintenance; custody and maintenance of children; security; failure to obey order; sequestration; receiver; modification of orders Pending any matrimonial action brought in this State or elsewhere, or after judgment of divorce or maintenance, whether obtained in this State or elsewhere, the court may make such order as to the alimony or maintenance of the parties, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders. Upon neglect or refusal to give such reasonable security, as shall be required, or upon default in complying with any such order, the court may award and issue process for the immediate sequestration of the personal estate, and the rents and profits of * * * such real estate, or so much thereof as shall be necessary, to be applied toward such alimony and maintenance as to the said court shall from time to time seem reasonable and just; or the performance of the said orders may be enforced by other ways according to the practice of the court. Orders so made may be revised and altered by the court from time to time as circumstances may require. In all actions brought for divorce, divorce from bed and board, or nullity the court may award alimony to either party, and in so doing shall consider the actual need and ability to pay of the parties and the duration of the marriage. In all actions for divorce other than those where judgment is granted solely on the ground of separation the court may consider also the proofs made in establishing such ground in determining an amount of alimony or maintenance that is fit, reasonable and just. In all actions for divorce or divorce from bed and board where judgment is granted on the ground of institutionalization for mental illness the court may consider the possible burden upon the taxpayers of the State as well as the ability of the plaintiff to pay in determining an amount of maintenance to be awarded. In all actions where a judgment of divorce or divorce from bed and board is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage.
4. Furthermore a New Jersey decree of separate maintenance recognizing a defacto separation of the parties does not effect a "legal separation" for purposes of considering the parties unmarried under the Federal tax law, Capodanno v. Commissioner,69 T.C. 638↩ (1978).